Corbin v. Woodbine.

CORBIN v. WOODBINE *et al.*

33 297
97 302

1. Practice: REVIEW OF EQUITABLE ACTIONS. Where an action in which equitable issues triable by the first method are presented, is by consent of the parties tried by the second method, it will, on appeal to the supreme court, be regarded the same as a law action, and the finding of the court below entitled to the same effect as the verdict of a jury. On the other hand, if a case properly cognizable at law is placed on the chancery docket, and, without objection, tried as an equitable action, it will, on appeal, be regarded as such and reviewed as upon trial *de novo.*

2. Tax deed: EFFECT OF TENDER IN PROCEEDING TO SET ASIDE. Where a party attacking the validity of a tax title avers that he is ready and willing and offers to pay to the opposite party the amount paid by him at the tax sale, together with all subsequent taxes, interest and costs ; it is error for the court to render judgment setting aside the tax sale, without requiring the payment of the sum so tendered.

*Appeal from Washington District Court.*

FRIDAY, JANUARY 26.

THIS is an ordinary action brought by the plaintiff for the recovery of real property — four distinct parcels, three of forty acres each and one of eighty acres — situate in

Highland township, Washington county, Iowa. The plaintiff asked for a writ for the possession of said lands, that his title be quieted, for costs and for other relief. The defendants for answer deny the ownership of the lands by plaintiff, and deny that he is entitled to the relief asked. They aver that plaintiff claims title by virtue of tax sale and deeds; that the sale was made in 1863 for the taxes of 1859, 1860 and 1861, and the deeds in 1867; that at the time of the levy the defendant Frances Woodbine was the owner and was and still is a married woman and entitled to redeem; that the tax sale is null and void; that the taxes on said real estate are marked paid on the tax books; that there was no warrant; that there was no assignment of the certificate, and the recitals in the deeds are false; that the plaintiff is not the owner, but has transferred his interest to another.

The defendants also filed a cross-petition against the plaintiff, averring the dates of the levy, sale and deeds, etc., as stated in their answer; that the tax sale and deeds are void; that the sale was illegal, for that the records show the taxes were paid; there was no warrant, no tax lists, no tax levied; the land was not advertised; the adjournment of the sale was illegal; there was a fraudulent combination among the bidders, etc. They aver "that they are ready and willing to pay to plaintiff the amount paid for said real estate at the said tax sale together with all subsequent taxes, interests and costs, and costs of suit to this date, and ask that the said amount be ascertained, and they hereby offer to pay the same." They pray that plaintiff be made defendant to their cross-petition and required to answer; that the tax sale and deeds be declared null and void and plaintiff enjoined from asserting any right thereunder. The plaintiff answered, denying each and every allegation of the cross-petition.

The cause was submitted to the court by the agreement of parties, and, upon hearing all the evidence, the court

adjudged that the facts alleged in the cross-petition are true, and thereupon dismissed the plaintiff's petition on the ground that the tax deeds are void, and enjoined plaintiff from setting up any title to the lands thereunder and also adjudged that the plaintiff pay the costs. From this judgment the plaintiff appeals.

*H. & W. Scofield* and *Brown, Campbell & Sully* for the appellant.

*J. F. Brown* and *McJunkin & Henderson* for the appellees.

COLE, J. — A question presents itself at the threshold of this case respecting the basis upon which it shall be determined in this court, whether as an equity or law action. The plaintiff's petition and cause of action is in ordinary for the recovery of real property. To this petition, the defendants filed an answer in denial, and also setting up affirmative matter upon which an issue was made properly triable by the second method, as a law action. The defendants also filed a cross-petition in which they averred, in substance, the same matters as set forth in their answer, but asking equitable relief — the cancellation of the tax deeds, enjoining the plaintiff from asserting title thereunder and the quieting of the title in defendants. Every fact or matter contained in the cross-petition was legitimately and properly cognizable in a court of law. The record does not show whether the trial was in fact by the first or second method ; but that " the *cause* was submitted to the court by agreement of parties." Inasmuch as it was the duty of the court, if the issue upon the cross-petition was claimed or treated as an equitable issue, to have first tried that issue, and not " the cause " (*Kramer* v. *Conger*, 16 Iowa, 454) ; and as it also appears that by agreement " the *cause* " was submitted to the court, and as it was proper

*1. PRACTICE: review of equitable actions.*

for the court, by consent, to try even an equitable issue by the second method (Rev., § 3000) we deem it just to treat the cause here, as one tried by the second method in the district court, and reviewable here as a law action.

One issue of fact made by the pleadings was as to the payment of the taxes due upon the lands before the same were sold. Upon this issue, the defendants introduced the tax books for the various years for the alleged delinquent taxes of which the sales were made, which showed that the said taxes were paid; that is, the words " paid," or " all paid but railroad tax," were written in the column of the tax books, headed " remarks," against the several tracts for the several years named. To rebut this, the plaintiff introduced S. G. Owen, who testified that he was treasurer two of the three years for the delinquent taxes of which the sale was made and at the time of the sale, and that " the taxes on lands which had been sold he usually marked 'paid' with the initials of names of per-sons paying the taxes; that he always did so unless it was an oversight." And also introduced W. A. Van Doren who was employed in the treasurer's office more or less since 1863 up to 1867. (The sale was made in February, 1863.) He stated that while he was in the office the practice was to mark the word " paid," opposite the lands sold for taxes for the years for which they were sold; and that in his opinion it was customary to so mark them " paid " before he was so employed in the office; and that he thinks it was customary in 1863 and prior thereto, to mark the lands paid in the column headed " remarks " opposite the lands when they were sold for taxes, or paid without being sold, but not always. In the year 1863 there was, in some instances, something to show in the tax books of 1859, 1860 and 1861, whether the lands were sold for taxes, or whether the taxes had been paid without sale; but generally there was not. And also introduced Wm. Scofield, who testified that he was deputy treasurer for one year from October,

1863, and that it was the general practice to mark "paid" when the certificates of sale were made out.

This is all the evidence upon this point. We find that none of the technical or legal objections to the tax proceedings, sale or deeds are well taken, and therefore conclude that the district court must have found upon the evidence, as a matter of fact, that the taxes were paid before the sale, and that for this reason the treasurer's deed conveyed no title, as provided by Revision, section 784. While we might not, if the question was presented to us here as an original one, find, as did the district court, yet in view of the conflict in the evidence, and the rule that the finding of the court is of the same effect as the verdict of a jury, we cannot, under the well-settled rule in such case, interfere with that finding. The same may also be said as to the issue upon the *levy* of the tax for 1860, but it is not necessary for us to review the evidence thereon. For the reason that the district court found that the taxes for which the sales were made had been paid, the judgment dismissing the plaintiff's petition and quieting the title in the defendants, etc., must be affirmed.

But since the defendants in their cross-petition make the distinct statement and tender "that they are ready 2. TAX DEED: and willing to pay to plaintiff the amount effect of tender in proceeding to set real estate at the said tax sale, aside. together with all subsequent taxes, interests and costs of suit, etc., and ask that the said amount may be ascertained, and they hereby offer to pay the same," it was error in the district court not to require them to do so. 1 Greenl. on Ev., § 205; Rev., §§ 1816, 1817.

For this error the judgment will be reversed and remanded with instructions to ascertain the amount due plaintiff as upon redemption, and to render judgment therefor together with all costs in the district court, which judgment shall be a special lien upon the land; or, at the election of either party the amount and judgment will be

ascertained and entered in this court. The defendants will pay the costs of this appeal.

Reversed.

COLE, J. — After the foregoing opinion was filed, and within the time allowed therefor, the plaintiff's attorneys filed a petition for rehearing, accompanied by an amended abstract, showing that the original petition in the case was entitled and indorsed "petition in equity;" that the cause was placed upon the equity docket, and the papers kept with those of that docket; that no motion was ever made to transfer the cause to the law docket; that the cause was treated as an equity cause, the testimony taken by deposition, and the cause finally tried by the first method. The defendants have been required to make reply to this petition for rehearing, as provided for in section 92 of the Rules, and section 3544 of the Revision; and the statements and showing of the amended abstract, etc., remain uncontradicted, and no objection is made to our considering and acting upon it. Although the action may have been properly cognizable at law, yet, even if it was (which we do not decide), the error of bringing it in equity, instead of at law, was waived by failure to move for its correction at the proper time. Rev., § 2619; *Richmond* v. *Illinois Central R. R. Co., post*, 1-422. The cause being an equity cause, tried by the first method, and reviewable here as upon trial *de novo*, we must, in accordance with the views expressed and intimated in the foregoing opinion, find for the plaintiff, as absolute owner of the property.

The plaintiff may have his judgment, as prayed for, rendered in this court, or, at his election, the cause will be remanded to the district court for judgment there, and the entry here will be as of a judgment.

Reversed.