JAMISON V. PERRY ET AL.

1. **Statute of Limitations**: MORTGAGE: ADVERSE POSSESSION. Actual, open, adverse possession for more than ten years under a claim of title is a bar to a right to foreclose a mortgage upon which the right of action had accrued before the adverse possession began.

*Argument 1.* The object of the statute of limitations is to give security to the inferior title when fortified by continued adverse possession, and this, although the paramount title be of record.

*Argument 2.* Such possession will toll the right of one having a complete title: *a fortiori* it will toll that of the mortgagee.

2. **Appeal**: JUDGMENT. A judgment will be affirmed, if correct in itself, notwithstanding the reasons assigned for it in the Court below may have been erroneous.

3. **Mortgage**: ADVERSE POSSESSION. While a mortgagor does not hold adversely to a mortgagee, yet he or his grantee may, by his declarations and acts, convert his holding into an adverse possession.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, DECEMBER 17.

Action at law upon the covenant of general warranty in a conveyance of the north half of the south-east quarter of section nine, township seventy-one, range twelve, made by the defendants, C. H. & H. W. Perry, to their co-defendant, W. A. Jordan, and by him to the plaintiff, with like warranty. The defendants, C. H. & H. W. Perry, aver that at the date of their conveyance to Jordan, they had an absolute and perfect title, and deny any breach of their covenant. No defense is made by Jordan. There was a trial to the court and the facts found substantially as follows:

On the 18th day of April, 1856, Thomas Ping was the owner in fee of the land in controversy, and on that day executed a mortgage thereon to A. Walcott & Co., which mortgage was acknowledged before Silas Osborne, County Judge of Wapello county, Iowa, and filed for record the same day, and was then duly indexed and recorded, except that no scroll or other evidence of the seal of the said Osborne appears upon said record to show that he had attached his seal to the certificate of acknowledgment; but the court finds that there was a seal attached

to the original certificate of acknowledgment. The mortgage was made to secure twelve hundred dollars, payable on the 18th day of July, 1856, and was then liable to foreclosure.

After said mortgage was executed, and prior to October, 1856, Ping sold four acres off of one corner of said tract to Walker, and gave bond for title therefor; Walker took possesŝion at once and built a house thereon; and on March 6th, 1858, Ping made a deed to Walker, pursuant to his bond, and the deed was duly recorded May 26th, 1858.

About the middle of October, 1856, Ping sold another acre, adjoining the four, to Tatman, and he took possession on —— day of November thereafter; and at the same time Tatman bought the four acres of Walker, and also took possession of that on the same day of November; he got his deed from Ping for the acre, February 22d, 1857, and from Walker, for the four acres, June 26th, 1861, each of which was duly acknowledged and recorded on the day of their respective dates.

On the 26th day of September, 1857, Tatman sold both said tracts to McDivitt, and gave him a bond for title and he took possession under it and remained in possession for several years, and then. assigned the bond to Shore, May 21st, 1861, who assigned it to Tatman the same day, the latter of whom at that time again took possession as owner.

In the spring of 1862, Tatman sold both tracts to Chapman and transferred possession to him April 29th; and Chapman has held continued possession thereof to the present time, having received and placed his deed duly on record, March 29th, 1869. And the court finds that the possession of said premises by all of said parties was actual and open by the parties residing upon, improving and cultivating said premises, and was under a claim of title and ownership thereof.

On the 10th day of September, 1859, under a foreclosure proceeding, in which none of the forementioned persons, except Ping, were parties, A. Walcott & Co., the mortgagees, a partnership composed of A. Walcott and C. H. Perry, became the purchasers of the whole tract mortgaged, (including the five acres,) and on the 12th day of September, 1859, received a Sheriff's deed therefor. And on the 20th day of December,.

1861, A. Walcott sold and conveyed his interest in said tract to H. W. Perry; both deeds were promptly and duly acknowledged and recorded.

On the 20th day of July, 1869, C. H. & H. W. Perry conveyed said entire tract to W. A. Jordan, with covenants of general warranty, for $1600; and on the 23d day of August, 1869, W. A. Jordan conveyed the same with like covenants to O. P. Jamison, the plaintiff, for $2450, and when Jamison went to take possession, about May 1st, 1870, Chapman was in possession of the five acres and refused to surrender it; of which notice was given to Jordan before this suit was commenced, which was March 30th, 1871.

As conclusions of law, " the court holds: 1. That with notice, actual or constructive, of said mortgage, to the said Walker, and those holding under him, the statute of limitations would not commence to run in their favor until the date of the Sheriff's deed, September 12th, 1859, to which the plaintiff excepted."

2. " That the record of said mortgage did not afford constructive notice thereof to said Walker and those holding under him; and not having actual notice of said mortgage, the plaintiff is entitled to recover upon said warranty, to which the defendants, C. H. & H. W. Perry, excepted."

A judgment was rendered accordingly. The defendants, Perrys, appeal.

*E. L. Burton* and *E. H. Stiles*, for appellants.

*H. B. Hendershott*, for appellee.

COLE, J. The counsel in this case have argued two questions, as being the only questions involved in it. They are: *First*—Was the title claimed by the defendants under the mortgage foreclosure, barred by our statute of limitations, at the time of the conveyance by them to their grantee, W. A. Jordan? *Second*—Was the omission to affix a scroll to the record of certificate of acknowledgment, such a defect as that the record did not impart constructive notice of the rights of the mortgagees? The court below held that the second ques-

tion must be answered in the affirmative; and upon *that answer* based a like answer to the first question.

We will consider the questions in their order, as above. It will be seen by reference to the facts found by the court, and set out in the statement preceding this opinion, that the five acres in controversy were sold by Ping, (who had before mortgaged the whole tract,) in October, 1856, to Walker and Tatman, who took actual possession thereof under claim of title and ownership, and by themselves and grantees have continued that possession by actual residence thereon down to July 20th, 1869, when the defendants conveyed to Jordan, and to the pres-

1. STATUTE OF limitations: mortgage: adverse possession.

ent time. So that they had held actual adverse possession, under a claim of title, for nearly thirteen years, at the time the defendants conveyed. Our statute bars an action for the recovery of real property in ten years. Rev., § 2740.

But the defendants claim that the mortgage from which their title is derived was paramount to the title thus held adversely, and that the record afforded constructive notice of their paramount title. If this be granted, will it relieve them from the bar of the statute? The purpose of the statute is to give security and superiority to the inferior title, when it is fortified by such continued and actual adverse possession; and this, although the paramount or superior title may be of record, or its existence be in fact known to the owner of the inferior title who is thus in possession. Knowledge, by the actual possessor, of the existence of a paramount title, does not prevent the running of the statute in his favor; neither does a want of knowledge of such possession by the owner of the paramount title prevent the running of the statute against him. It will be remembered that the possession began after the right of action to foreclose the mortgage accrued. Again, it is claimed that the paramount title was a mortgage, and because of this the statute would not run until its foreclosure. But if the adverse possession was such as to toll the right of one having a complete title—the greater, why will it not toll the right of a mortgagee—the lesser, especially when the right of action upon the mortgage is perfect when the adverse possession begins,

and no relation exists between the parties, except that of adverse claimants of the property? To hold, as did the court below, that the statute of limitations would not commence to run until the absolute title was acquired under the mortgage foreclosure sale and conveyance, would be to put it in the power of the owner not in possession to extend or enlarge the statute by his own voluntary act of delaying the foreclosure. This cannot be done, for statutes of limitation are not elastic.

While it is true that the purchasers of the five acres, in fact and law, only acquired their title subject to the mortgage (supposing the record of it to afford constructive notice,) yet they took possession as owners claiming title; and since they were not made parties to the foreclosure proceedings, they were not affected thereby. The right to bring an action to foreclose having existed at the time the adverse possession begun, and that possession having continued more than ten years, the right to foreclose is barred, and with it all other rights. *Johnson v. Hopkins*, 19 Iowa, 49; *Newman v. DeLorimer*, Ib., 244; *Close v. Samm*, 27 Iowa, 503; *Gower v. Winchester*, 33 Iowa, 302. It is not intended to intimate herein that the statute of limitations would begin to run in favor of a mortgagor or his grantee before the right of action on, or the breach of, the mortgage.

In view of the foregoing determination of the first question, it becomes wholly unnecessary to decide the second, since, even if the appellant's position is correct, the judgment must be affirmed.

The appellants, however, insist that since the plaintiff took no appeal from the decision of the court against him on 2. APPEAL: the first question, he cannot now urge any error judgment. therein. But it must be remembered that the defendants appeal from the *judgment* of the court, and not from the *reasons* or grounds for it. The correctness of the judgment is the question for us to determine, and if that is correct it is our duty to affirm, although the reasons given for it by the court below may not meet our approval. The judgment was correct, because at the time of the conveyance of the land

by the Perrys to Jordan, their title to the five acres was barred or extinguished by the statute of limitations.

AFFIRMED.

OPINION ON REHEARING.

COLE, J.—After the foregoing opinion was announced, the counsel for appellants filed a petition for a rehearing. We acknowledge the force of the argument made, and the vigorous and able manner of its presentation. Perhaps we should not **3. MORTGAGE:** materially differ with counsel in their conclusions **adverse possession.** of law, were we to concede fully their assumptions of fact. They assume that the possession was not adverse, because the purchasers from Ping, after the execution of the mortgage, held their title subject to the mortgage. This would be true enough if there was nothing in the case but these facts. But we find upon the record as certified to us, that the purchasers from Ping held adversely in fact—they were in actual and open possession by residence and cultivation " under a *claim of title and ownership* of said premises." A mortgagor does not hold adversely to the mortgagee—his possession is consistent with the right and title of the mortgagee, at the common law, and certainly so under our statute. But a mortgagor may, by his declarations and acts, repudiate the mortgage, deny the title or right claimed under it, and convert his holding into an adverse holding. So may the grantee of the mortgagor. In this case it was so done, and thereon we ground our conclusion that the judgment should be affirmed. As to the statute of limitations see *Green v. Turner, post* p. 112.

AFFIRMED.