## WISE v. WILDS *et al.*

1.  **Appeal:** FROM CORRECT DECISION BASED ON WRONG REASON: INSTANCE. In an action against a sheriff by a chattel mortgagee for seizing and selling the mortgaged property upon execution against the mortgagor, the mere fact that the district court gave as a reason for its judgment for defendant that the chattel mortgage was a part of a transaction which amounted to a general assignment, when the true reason was that the conveyances were void as fraudulent, but not possessing all the elements of a general assignment, does not entitle the plaintiff to a reversal; but if the established facts support the judgment, it should be affirmed. (See cases cited in opinion.)

2.  **Fraudulent Conveyance:** PREFERENCE OF CREDITORS: BADGE OF FRAUD: EVIDENCE. Debtors have the right to prefer creditors, and to secure them, and the fact that they are relations makes no difference; but when a creditor, a relative of the debtor, seeking security, lends his aid so far as to become trustee for other creditors who are also relatives, but who are not expecting such favors, and are ignorant of the transaction, and the transaction is attended with other suspicious circumstances, it requires very satisfactory explanation, or it stands as a badge of unfair dealing. And, in consideration of the evidence in this case (see opinion), *held* that it justified the finding of the district court that the chattel mortgage in question, made by the debtors to their father-in-law, to secure him and other relatives, to the exclusion of other and more distant creditors, was fraudulent, because its purpose was, in part at least, to delay and defeat other creditors.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 20, 1889.

ACTION on the official bond of the defendant Wilds, as sheriff, alleging a breach of the conditions thereof. There was a judgment for the defendants, and the plaintiff appeals.

*W. C. Gregory, Graham & Cady* and *Sheean & McCarn,* for appellant.

*Ellis & McCoy, Ezra Keeler* and *Remley & Ercanbrack,* for appellees.

GRANGER, J.—The case was tried to the court without a jury, and the court found the following facts :

"(1) That on and prior to April 19, 1886, E. W. Haight and Chas. Haight were partners under the firm name of Haight Bros.

"(2) That said Haight Bros. and one P. J. Whittemore were partners under the name of Haight Bros. & Co.

"(3) That both of said firms did business in the same building, in Oxford Junction, Jones county, Iowa.

"(4) That April 19, 1886, at Maquoketa, Iowa, E. W. Haight for said firms executed chattel mortgages as follows : One to plaintiff for $3,310.39, purporting to secure note to plaintiff for twenty-two hundred dollars, note to Ira Carter for three hundred dollars, and four notes to Dean Bros. & Lincoln for two hundred and seventy-five dollars, $159.63, one hundred and fifty dollars, and one hundred and fifty dollars, respectively, with eight per cent. interest, upon the stock of goods, books of accounts, notes and accounts, and fixtures, including counters and shelving, also bake-oven, tools and dishes belonging to Haight Bros.,—being exhibit A, in evidence; also one chattel mortgage to James E. Arnold for five hundred and twenty dollars, purporting to secure one note for five hundred and twenty dollars, with ten per cent. interest, upon same property, subject to plaintiff's mortgage,—being exhibit B; also chattel mortgage from Haight Bros. & Co. to I. C. Weed for $1,858.75, purporting to secure one note to said Weed for three hundred and fifty dollars, one for four hundred dollars, one for two hundred dollars to Geo. W. Tubbs, one for one hundred and fifty dollars to D. C. Clary, and the further sum of $1,028.75, on account of borrowed money upon the stock of goods, books of accounts, and accounts and notes, of said mortgagors— being exhibit number 3.

"(5) That at the same time and place said E. W. Haight executed to his wife, B. B. Haight, a warranty

deed of house and lot in Maquoketa, being exhibit number 2, for the stated consideration of nine hundred dollars.

"(6) That on February —, 1886, said E. W. Haight executed to Mrs. Indiana Wise, wife of plaintiff, a deed of a house and lot in Onslow, Jones county, Iowa, for the stated consideration of seven hundred dollars, being exhibit ——.

"(7) That said transfers embrace all the property of said firms, and the individual members thereof, and were executed in contemplation of insolvency, which was known to all of said mortgagees.

"(8) That at the time of the execution of said chattel mortgages and deed to B. B. Haight, plaintiff, I. C. Weed, E. W. Haight and the attorney who prepared them, were the only persons present; that the items entering into the consideration of the said instruments were fully talked over, and known well to the parties present.

"(9) That Ira Carter and Dean Bros. & Lincoln, named in plaintiff's chattel mortgage; also Geo. W. Tubbs and D. C. Clary, named in Weed's mortgage, were neither of them present, nor did they know of their execution, or contemplated execution, until after they were executed.

"(10) That said chattel mortgages were all placed in plaintiff's hands immediately after their execution, and the same evening brought by him to Anamosa, Jones county, Iowa, for record, and all filed for record at 8:45 o'clock p. m. of that day, and the recorder directed to mail them to plaintiff at Oxford Junction; that plaintiff then went to Oxford Junction, and on the twenty-first of April took possession of the property described in said mortgages before they were returned to him by the recorder, and on said twenty-first of April, after so taking possession, Haight Bros., by E. W. Haight, transferred and assigned, 'for value received,' to plaintiff, all of the books of accounts and accounts and notes named in his mortgage.

"(11) That plaintiff is the father-in-law of said E. W. Haight; that I. C. Weed is the uncle of the Haight brothers, and step-father of said Whittemore; that Jas. C. Arnold is a cousin of the Haight brothers.

"(12) That plaintiff and said Weed resided in Maquoketa, April 19, 1886.

"(13) That, aside from said claim against Haight Bros., plaintiff is practically insolvent, and was so on April 19, 1886.

"(14) That between April 19 and May 24, 1886, plaintiff sold of said goods seven hundred and two dollars worth, and received the money therefor; that the amount of the notes and accounts so assigned to him was 'rising' of two thousand dollars.

"(15) That defendant Wilds is sheriff of Jones county, Iowa, and the other defendants are sureties on his official bond; that said sheriff on May 24, 1886, levied upon so much of the said stock of goods of said Haight Bros. as is shown by the return on said executions named in the petition, and was notified by plaintiff of his claim of ownership, and said sheriff demanded and received indemnifying bonds of the execution plaintiffs, with sureties approved by him, and filed the same with the clerk, and proceeded to sell sufficient of same property to satisfy said executions, costs and a landlord's lien, and which he returned fully satisfied.

"(16) That in the taking of the Jas. C. Arnold mortgage the same I. C. Weed acted as the agent of said Arnold.

"(17) That the said Haight Bros., besides the sums secured by said mortgages, were indebted in the sum of between two thousand dollars and three thousand dollars, and were insolvent.

"(18) That the amount of the notes and accounts assigned to plaintiff by Haight Bros., as aforesaid, together with the money received from the sale of goods, exceeds the amount of plaintiff's claim named in said mortgage.

"(19) That, at and prior to all of said conveyances and transfers, the plaintiffs in said executions were creditors of said Haight Bros.

"(20) That the said conveyances and transfers were not made in good faith, and with the sole object of security primarily, but to accomplish a preference, and place the property beyond the reach of creditors not sustaining friendly and confidential relations with the debtors.

" As conclusions of law I find :

"(1) That by the acts and intent of the parties at the time of the making said several transfers, the same amounted to a general assignment of the property of said firms, who were insolvent, and were made in contemplation of insolvency, with a view to give a preference to the creditors named, and were not for the benefit of all the creditors of said firms, and hence, invalid.

"(2) That the claim of plaintiff, Wise, by the assignment of the said notes and accounts to him, and appropriation of said money received on sale of goods, was extinguished prior to the levy on the property by the sheriff.

"(3) That judgment should be entered for defendants, which is accordingly done."

I. It will be observed that the alleged wrongful act of the defendant is the seizure of the goods on the execution, and taking them from the plaintiff, as the mortgagee of Haight Bros. and Haight Bros. & Co. It will also be observed that the district court found that the several conveyances by the mortgagors amounted to a general assignment for the benefit of creditors by an insolvent, and that the assignment was void because not for the benefit of all the creditors. The action is at law, and is only triable here on the assignments of error, and among others, the question is presented that the legal conclusion has no support in the facts found by the court. Looking to the twentieth finding of fact, the court finds that the transaction, as between the parties to it, is fraudulent, not being designed as security, but to place the property beyond the reach of creditors. With this fact established, it is not important to inquire as to whether or not the particular facts would justify the

1. APPEAL: from correct decision based on wrong reason: instance.

legal conclusion that the acts amounted to an assignment for the benefit of creditors, with preferences. An assignment for the benefit of creditors, where preferences are given, is invalid, because it is fraudulent, and it is the fraud that vitiates the transaction; and hence the finding by the court that it was a general assignment, but not for the benefit of all the creditors, is merely a finding of the fact of fraud. The mortgagees in the case act with a part of their creditors who are preferred, and the fraudulent purpose is mutual. The plaintiff is one of the parties who thus acted, and is a direct party to the fraud. These observations are, of course, based upon the theory that the findings of fact by the court have support in the testimony, which will be hereafter considered. The mere fact that the district court gave as a reason for its judgment for defendants that the act of the debtors amounted to a general assignment, when the true reason was that the conveyances were void as fraudulent, but not possessing all the elements of a general assignment, does not entitle the plaintiff to a reversal, but, if the established facts support the judgment, it should be affirmed. Code, sec. 3194; *Jamison v. Perry*, 38 Iowa, 14; *Whiting v. Root*, 52 Iowa, 292; *Roberts v. Corbin*, 28 Iowa, 355; *Gilmore v. Ferguson*, 28 Iowa, 422. Under the finding of facts by the district court, we think its judgment for defendants has ample support.

II. The pleadings in the case present several issues for trial, and the introduction of testimony necessarily took a wide range. With the holding in the first division of the opinion, it will not be necessary to inquire as to whether there was error in the finding of the fact of fraud, or in the proceedings leading thereto. Under the issues as presented, testimony was competent to show (1) that the plaintiff's claim was paid before the levy by the defendant; (2) that the transaction amounted to a general assignment for the benefit of creditors, with preferences; (3) that the conveyances were fraudulent as against creditors. It will be unnecessary

2. FRAUDULENT conveyance: preference of creditors: badge of fraud: evidence.

to consider a number of the assignments as to error in admitting and refusing testimony, because not bearing on the question of fraud. The plaintiff in this suit is father-in-law to E. W. Haight, one of the firm of Haight Bros., and also of Haight Bros. & Co.. It is not to be questioned from the testimony of the plaintiff himself that these firms, at the time of the execution of these conveyances, were both insolvent, and were attempting in some manner to dispose of all their property; that they were being pressed for payment; and that the plaintiff was prompted to take his security because he knew of this insolvency; and that others were anxious about their claims. The mortgagees were all in some manner related to the mortgagors. The mortgages were all made on the same day, and the plaintiff the same evening took them all to Anamosa, and filed them for record, and they were all to be returned to him. Some of the parties secured by the mortgages were not present, and had no knowledge that their claims were to be secured. There was about the transaction much to excite suspicion as to its fairness. It is not for us to say that the testimony is sufficient to satisfy us of the fraud, but is it such that the court below could legally thus find? and in that respect we think it is. It is unquestionably the law that the parties have the right to prefer creditors, and secure them, and the fact that they are relations makes no difference. The instances are few in which good-faith transactions to secure one party involves the giving of security to parties not asking it; and the creditor seeking security in good faith seldom lends his aid so far as to become a trustee for creditors not expecting such favors; and when it does occur, with other suspicious circumstances, it requires quite satisfactory explanation, or it stands as a badge of unfair dealing. A circumstance in the case worthy of notice in this respect is this : The court finds that the claim of the plaintiff had been paid off before this levy. Appellant says in argument that, even if this be true, still he stands as trustee of the other beneficiaries in the mortgage, and is entitled to recover on that account. Conceding this as a legal proposition, but looking to his

actual purpose in the transaction, the court is led to inquire, if his claim is paid, why is he in court seeking to recover beyond the amount of his trust claim? That his personal claim is paid hardly admits of a doubt, and, if true, there is reason to believe that he is looking to interests other than his own in the management and care of this property or its proceeds.

We have examined the record as to the errors assigned, and in some instances, under the issues as presented, we think there was error, both as to admissions and exclusions of testimony. But, looking to the question which we assume as a controlling one, we find nothing which we think could have prejudiced the plaintiff. In fact, we have considered the matter almost, if not entirely, on the conceded facts as to details from which the ultimate fact of the fraud could be found. To consider the separate assignments as to rulings upon the introduction of testimony would extend the opinion to an unreasonable extent, and we think it unnecessary. To our minds the findings by the court have such support in the testimony that, like the verdict of a jury, they are conclusive as to the facts. With the fact of fraud established, the transaction as to plaintiff was void, as found by the district court, and its judgment must be                          AFFIRMED.