JOSEPH DELCOURT, scire facias,

*vs.*

JAMES WHITEHOUSE AND PETER E. MULLANEY.

Androscoggin. Opinion December 9, 1898.

*Pleading. Infancy. Abatement. Demurrer.*

If an infant brings suit in his own name, and not by next friend or guardian, and his infancy appears on the face of the writ, the objection is available on general demurrer, if filed within the time allowed for filing pleas in abatement. If it does not so appear, advantage can only be taken by plea in abatement.

The non-joinder of a necessary defendant, not appearing on the face of the writ, cannot be taken advantage of by demurrer. It is matter in abatement.

ON EXCEPTIONS BY DEFENDANT.

*M. L. Lizotte*, for plaintiff.

*D. J. McGillicuddy and F. A. Morey*, for defendants.

SITTING:  PETERS,  C.  J.,  HASKELL,  WHITEHOUSE,  STROUT, SAVAGE,  JJ.

STROUT,  J.   Scire facias against bail in a civil action; general demurrer to the declaration, which was overruled, and the case is here upon exceptions to that ruling.

Defendant claims that the writ shows plaintiff to be an infant, and that he should sue by next friend.  If such was the fact, and it appeared on the face of the writ, the objection would be available on general demurrer if filed within the time allowed for pleas in abatement.  But an examination of the writ fails to disclose the fact.  It is true that the declaration in reciting the original suit commences, " whereas Joseph Delcourt, etc., etc., who was (not "is") an infant, etc., etc., when this action was sued," "and who sued this action," by next friend and recovered judgment at the January term, 1897.  The present action is based upon that judgment, and was sued out months after its rendition, and returnable to the September term, 1897.

The phrase " this action " taken in connection with the rest of the sentence, manifestly refers to the original suit, and not to the action then brought.  Omitting the word " this " obviates all uncertainty.  It must be ignored to make sensible the recital.  In that recital it states that " this " action was brought through a next friend.  That is true of the original suit but not of this.  Then follow the proceedings upon the judgment and execution in the first suit, and the claim in this suit to recover of the bail in the first suit, for avoidance of the original defendant after judgment in the first suit.  The mistake in using the word " this " corrects itself when the whole declaration is read.

Nothing in the declaration demurred to shows that the plaintiff was an infant when the present action was brought.  If such were the fact, the objection could have been taken by proper plea in abatement, but it is not reached by the demurrer.

The only other contention of defendant is the alleged non-joinder of a defendant.  It is said that the defendant in the original action was a party to the bail bond, and that the bond was joint and sev-

eral, and that two of the obligors cannot be sued jointly, omitting the third. Non-joinder of defendants is matter in abatement. It does not appear by the declaration that the bail bond was signed by any other person than the two defendants. If it did, the objection could be taken by demurrer; but not so appearing, a plea in abatement was the only method of raising the question. *State* v. *Chandler*, 79 Maine, 174.

It follows that the demurrer was rightly overruled, and the entry must be,

*Exceptions overruled.*