WM. JEFFERIES, Appellee, v. THE FRATERNAL BANKERS' RESERVE SOCIETY, Appellant.

**Pleadings:** DEMURRER. A demurrer which must depend upon matters recited therein and not upon the allegations of the pleading attacked is not good.

**Affirmance of judgment.** The appellate court will affirm a correct judgment regardless of the reasons given by the trial court for awarding it.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

WEDNESDAY, JULY 3, 1907.

THE opinion states the case.— *Affirmed.*

*M. H. Kelley,* for appellant.

*Deacon & Good,* for appellee.

WEAVER, C. J.— Plaintiff brings this action at law upon a certificate of membership issued by the defendant, which is a mutual benefit association, to one Mittie Jeffries.

It is alleged that said certificate was issued and Mittie Jeff-
ries admitted to membership in the defendant association
on August 29, 1904, and that by the terms of said member-
ship said association undertook and promised upon the death
of said member in good standing to pay to the beneficiary
named in her certificate the sum of $1,200.   It is further
alleged that on June 25, 1905, while said certificate was out-
standing and in full force and while said Mittie Jeffries re-
mained a member of said association, she died at Cedar
Rapids, Iowa, and that thereafter the plaintiff as beneficiary
named in said certificate of membership furnished to the de-
fendant association the proper proof of the death of said
member, and demanded the payment of the amount therein
named to him, but that said payment has been refused, and
it denies all liability upon said claim.   It is also particularly
alleged in said petition that said Mittie Jeffries paid the as-
sessments made upon her by the defendant association from
time to time until the installment or assessment which fell
due on May 31, 1905, and this assessment she did not pay
until June 17, 1905, on which date, and within less than
thirty days from the maturity of said assessment and within
the period allowed for reinstatement, she paid the same to
the local secretary of the lodge of which she was a member,
and furnished the said secretary a certificate of health upon a
blank furnished her by the subordinate lodge in full ac-
cordance with the privilege accorded to her by the terms and
provisions of the constitution and by-laws of the defendant
association, a copy of certain parts of which is attached to
the pleading.   It is further alleged that, upon said payment
being made, the local secretary issued to said member his
receipt, thereby waiving forfeiture for nonpayment when
due, and that on June 20, 1905, said local secretary returned
said money, assuring the said member that said health cer-
tificate was insufficient and without informing her wherein
such insufficiency existed, and that within a few days there-
after, and while said matter remained in that condition, the

said insured person died as above stated. It is also still further alleged in this connection that the association never suspended the said Mittie Jeffries, nor in any manner ordered her suspension, and that neither the defendant nor the said subordinate lodge ever in any manner rejected said health certificate so furnished as above stated, or ever declared the same insufficient, or ever declared or decided wherein the same was insufficient, and that the said Mittie Jeffiries was at the date of her death a member of the defendant society in good standing and entitled to all the benefits promised by said certificate.

Attached as exhibits to the petition are certain written instruments and alleged articles and provisions of the laws and regulations of the defendant association. Among these are the application of the said Mittie Jeffries for membership, the physician's report of her examination, the certificate of membership, the receipt of the local secretary for the assessment and dues payable May 31, 1905, and the certificate of health for the purpose of reinstatement, signed by the said Mittie Jeffries under date of June 18, 1905. The blank form on which this health certificate is made is in two parts or sections marked " No. 1," and " No. 2," and is one supplied to the member by the defendant or by the local branch thereof. Form No. 1, which Mrs. Jeffries used, is a statement to the effect that the applicant asks for reinstatement, and as a basis of such reinstatement warrants and declares that she is in sound condition, good health, and temperate habits, and that since the date of her application for membership in said association she has not sustained any personal injuries, nor been afflicted with any disease or sickness whatever, except as set forth by the applicant. To this statement is added reaffirmation of the truth of the statements contained in her original application for membership, and that a suppression of facts in regard to her health or condition either in her first application or in this application for reinstatement shall work a forfeiture of the rights of herself

or of her beneficiary under her certificate of membership. Attached to this application is a printed note, evidently prepared by the defendant association, stating that the foregoing certificate is positively required in all cases, whether the applicant has been in suspension one day or one month and that after such applicant has been suspended more than thirty days and less than ninety days part 2 must be filled out by the local physician. The part 2 referred to is an additional blank attached to or following the one already stated and contains questions to be answered by the local physician, and such examination to be approved by the supreme medical examiner. This latter form, marked No. 2, does not appear to have been filled or signed by any physician.

To this petition the defendant filed a demurrer, stating as a ground thereof that it appears that the said Mittie Jeffries at the date of her alleged death was not a member in good standing of the defendant association, but, on the contrary, that her certificate of membership had lapsed and was null and void for the following reasons, to-wit: " It appears that Mittie Jeffries by the terms of her contract of insurance was obligated to pay the defendant association the sum of 95 cents per month, and the further sum of 15 cents per month as local dues, which payments, in order to keep the said Mittie Jeffries in good standing, should have been made in accordance with the by-laws of the defendant company which are attached to and form a part of the plaintiff's petition, and particularly in accordance with sections 100 to 105 of the said by-laws which are as follows:" Here follows what purports to be a copy of the sections or by-laws referred to and set out in full, none of which sections are attached to the petition or pleaded by the plaintiff. Section 100 provides in effect that failure to pay any assessment when due shall operate to suspend the member without any notice from the association. Section No. 101 provides that a suspended member is not entitled to any of the benefits of the society

either fraternal or beneficial, or to admission to the lodge meeting, unless it be for the purpose of settling his arrearages. Section 102 provides that mere payment of local lodge dues in advance will not operate to reinstate a suspended lodge member, who shall himself make all payments in advance the same as a new member. Section 103 provides that a member who has been suspended thirty days or less may be reinstated by furnishing a certificate of good health on the form provided by the supreme lodge and paying up arrearages and making a payment in advance including one month's local dues. Section 104 provides that a member who has been suspended more than thirty days and less than ninety days must in addition to the foregoing requirements furnish a health certificate from the local physician. Section 105 provides that a member in suspension more than ninety days will proceed the same as a new member, except he will not be required to pay any additional membership fees, and that, in any of the above events, the suspended member shall not be fully reinstated, nor his certificate be in force, until such time as the necessary payments, together with the certificate of good health, is received and approved by the supreme medical examiner. After these quotations from the laws of the association, the demurrer proceeds to say that it appears from the petition that Mittie Jeffries did not pay the dues so owing by her within the time required by the by-laws, and did not furnish a satisfactory certificate of good health which was received and approved by the supreme medical examiner. As a still further ground, it is stated that the petition shows upon its face that the alleged certificate of health furnished by the insured was rejected as insufficient, and returned to her with the dues she had paid, and that, therefore, the furnishing of such alleged certificate of health and the payments of the dues and assessments in arrears did not effect her reinstatement in the association. This demurrer was overruled, and judgment

entered by the district court against the defendant upon said certificate of membership for the sum of $862.60.

From the ruling on the demurrer, and from the judgment entered thereon, the defendant appeals.

As will be noted, this case presents a somewhat peculiar aspect. The demurrer by the defendant is made to depend not upon what is alleged or revealed in the pleading demurred to, but upon a statement or recitation of alleged rules and regulations of the society which are embodied in the demurrer itself. These rules and regulations are not in the nature of public laws and statutes of which the courts will take judicial notice. They are issuable facts to be pleaded by the party relying thereon. A demurrer which sets up a ground *de hors* the record, or a ground which to be sustained requires reference to facts not appearing upon the face of the pleading thus attacked, is said to be a " speaking demurrer," and is never held good. *Richardson v. Loree,* 94 Fed. 375 (36 C. C. A. 301); *Clarke v. Land Co.,* 113 Ga. 21 (38 S. E. 323); *Davison v. Gregory,* 132 N. C. 389 (43 S. E. 916); *Edsell v. Buchannan,* 2 Ves. Jr. 83; *Darrow v. Produce Co.* (C. C.) 57 Fed. 463; *Oliver v. Powell,* 114 Ga. 592 (40 S. E. 826); *Teasley v. Bradley,* 110 Ga. 497 (35 S. E. 782, 78 Am. St. Rep. 113); *Stewart v. Masterson,* 131 U. S. 151 (9 Sup. Ct. 682, 33 L. Ed. 114); *Bank v. Leland,* 122 Ala. 289 (25 South. 195). A demurrer cannot be properly sustained unless the objection is apparent on the face of the pleading demurred to. *Elwood v. Baker,* 13 Ind. App. 576 (41 N. E. 1063); *Decourl v. Whitehouse,* 92 Me. 254 (42 Atl. 394); *Goring v. Fitzgerald,* 105 Iowa, 507; *Ruddick v. Marshall,* 23 Iowa, 243; *Miller v. Miller,* 63 Iowa, 387; *Polk Co. v. Hierb,* 37 Iowa, 361. These rules are so thoroughly settled as to require no explanation or discussion. The demurrer under consideration must, therefore, be treated as if the affirmative matter set up therein were entirely eliminated; that is, as if the alleged sections 100 to 105 of the defendant's rules and by-

laws were not in the record. Considered from this standpoint the overruling of the demurrer by the trial court must be sustained. The petition alleges the issuance of the certificate of membership to Mrs. Jeffries and her good standing in the society at the date of her death, and, while it admits that she was at one time in arrears for a few days for nonpayment of a monthly installment of dues, it avers that she was duly restored to good standing according to the laws of the society. All this the demurrer must be held to admit, and, defendant having elected to stand upon his admission, there was no error in rendering the judgment appealed from.

The record does not distinctly show whether the trial court assigned or relied upon the rules of law above cited as reasons for overruling the demurrer, but this is immaterial. It is the duty of an appellate court to affirm a

2. AFFIRMANCE OF JUDGMENT. correct judgment, regardless of the correctness of the reasons given for awarding it. See *People v. Lyman,* 157 N. Y. 368 (52 N. E. 132); *Whiting v. Root,* 52 Iowa, 292; *Jamison v. Perry,* 38 Iowa, 14; *Wise v. Wilds,* 77 Iowa, 590.

This conclusion makes it unnecessary for us to consider other questions suggested by the record.

For the reasons stated, the judgment of the district court is *affirmed.*