W. W. WITOUSEK, Appellant, v. IDEAL FOOD PRODUCTS COMPANY et al., Appellees.

APPEARANCE: Special—Plea to Jurisdiction—Motion to Strike. A motion to strike a special plea to the jurisdiction of the court is properly overruled.

APPEARANCE: Special—Plea to Jurisdiction—Hearing. A plea to the jurisdiction of the court, entered on a special appearance for that purpose, must not be sustained without according to the plaintiff an opportunity to take issue and have hearing thereon.

PLEADING: Demurrer—Demurrer to Record. A demurrer to a *record* is unknown to our practice. So held where defendant demurred to the record of the service of an original notice.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

APRIL 1, 1924.

ACTION of accounting and for an injunction, brought by a plaintiff, as a minority stockholder, against his corporation and its managing officers and representatives of the majority" stockholders. Plaintiff purports to bring his action, not only on behalf of himself, but also on behalf of all other minority stockholders. From a certain order entered in the district court, later set forth, the plaintiff has appealed.—*Affirmed in part; reversed in part.*

E. E. *Collins,* for appellant.

E. C. *Barber,* John M. *Redmond,* W. J. *Barngrover,* and E. A. *Fordyce,* for appellees.

EVANS, J.—The petition discloses that the plaintiff is a stockholder in the defendant corporation, and that the other defendants are officers and directors and managers thereof. He charges many acts of wrongdoing and dishonesty on the part of the individual defendants, and prays for an accounting and for injunctional relief and other equitable relief. The petition is very lengthy, and we shall have no occasion to go into its details. The lower court set the date of October 10, 1922, for a hearing on plaintiff's application for a temporary injunction. In preparation for such hearing and in support of the application, many affidavits were taken and filed by the plaintiff. These affidavits have all been incorporated in the abstract, though they serve no function therein. It does not appear that any hearing was had on such application on October 10th nor at any other time. It does appear that, on November 8, 1922, the defendant corporation, by E. C. Barber, entered a special appearance to challenge the jurisdiction of the court. The ground of such challenge was that the plaintiff had acquired no jurisdiction, for want of any legal service of original notice. The record discloses that the purported service of original notice upon the corporation was made by reading and delivering the same to Strasburger, as president of such corporation. The challenge to the

jurisdiction recited that Strasburger was not president at the time of the service; that the corporation was a South Dakota corporation; that it had ceased doing business in Iowa; and that it had ceased to have any offices or agents in Iowa. The plaintiff moved to strike such plea to the jurisdiction. The motion contained many paragraphs, each paragraph being directed against some particular allegation of the plea. The sum total of these paragraphs in the motion to strike covered substantially all the contents of such plea to the jurisdiction. At about the same time, the individual defendants filed demurrers, respectively, to the petition. The ground of such demurrers was, broadly, that the record disclosed that the court had no jurisdiction of the principal corporation, and that it therefore had no jurisdiction of defendants, as officers' of such corporation.

The chief ground of the various paragraphs of plaintiff's motion to strike was that the various allegations of the plea to the jurisdiction were mere conclusions, and not statements of fact.

On January 4, 1923, the court entered an order which purported to dispose of the motion to strike and of the plea to the jurisdiction and of the demurrers to the petition. This order overruled the motion to strike. It sustained the plea of the corporation challenging the jurisdiction. It sustained the demurrers of the individual defendants. It is from this order that the plaintiff has appealed.

It will be observed that the order thus complained of, like "all Gaul," is divisible into "three parts," and we shall proceed to consider them separately.

I. We consider first the motion to strike. Such a motion filed and overruled in the trial court has ordinarily little favor here. It is indeed doubtful whether the order overruling the same is appealable at all; but no such point was made against it, and we shall dispose of it on its merits.

1. APPEARANCE: special: plea to jurisdiction: motion to strike.

The challenge to the jurisdiction was filed pursuant to Subsection 4 of Section 3541, Code Supplement, 1913. The statute provides no formalities for the presentation of such challenge. No particular form of allegation or pleading is required. Whatever its defects of statement, either in substance or form,

in this case, it furnished no legitimate ground for a motion to strike. A motion to strike, therefore, could serve no useful purpose, even to plaintiff. If his motion had been sustained, it would cure no defect of jurisdiction, if any; nor would it settle the question of jurisdiction. It was to his interest that the question of jurisdiction *should* be settled right, in advance of trial, with its attendant expense. Such is the purpose of the statute. The motion to strike, therefore, could perform only a dilatory function, though doubtless not intended as such. It was properly overruled.

II. At the same time and by the same order, the court sustained the challenge to the jurisdiction. This was done without any hearing except the presentation of the challenge itself. No

2. APPEARANCE: special: plea to jurisdiction: hearing.

fair reason appears in the record why such an order should be made simultaneously with the order overruling the motion to strike, nor why it should be made upon the mere affidavit then before the court. The plaintiff was fairly entitled to take issue with the challenge and its recitals, and was fairly entitled to a reasonable opportunity for that purpose after the denial of his motion. The method of such a hearing must necessarily be left to the discretion of the trial court. What is wanted in such a case is to get at the truth, as pertains to the jurisdiction. To that end, the court could properly require the affiant to submit to appellant's cross-examination. It could properly permit the examination of the individual defendants, as officials of the corporation, either past or present. It could properly permit a hearing upon depositions or affidavits. It had the discretion to permit any course that was fairly adapted to ascertain the truth upon the issue tendered by the challenge. We think the court erred in sustaining the challenge without first giving the plaintiff an opportunity to take issue therewith, after the denial of his motion.

III. At the same time and by the same order, the court sustained all the demurrers of the individual defendants. The several demurrers were all predicated upon the same grounds.

3. PLEADING: demurrer: demurrer to record.

All the grounds were reducible to the single proposition that "the records show no legal service on or jurisdiction over" the defendant corporation. A demurrer lies to a *pleading*. It does not lie to a

*record.* What a *record* shows, is not proper ground of demurrer. The demurrer purported to apply *to* the petition, but none of the grounds stated appeared *in* the petition. The petition made the defendant corporation a party. On the face of the petition, it *was* a party. If the plaintiff failed in the first instance to get a legal service of notice on such corporation, it did not thereby cease to be a party. The plaintiff was not thereby precluded from obtaining jurisdiction later, by proper service of notice. If the defect of service was in the form of the return by the sheriff, the plaintiff was not precluded from having such return amended. The demurrers, therefore, were wholly without merit, and should have been overruled. It appears from the record before us that the individual defendants and the plaintiff were all residents of Linn County. The defendant corporation is a foreign corporation only in the sense that it was organized under the laws of South Dakota; that it was so organized by Linn County stockholders and for the purpose of doing business in Linn County as its principal place of business; that it did so transact its business in Linn County; and that the transactions complained of in the petition were all had in Linn County.

If it be so that the defendant corporation can avoid the personal jurisdiction in the courts of this state, we are not prepared to say that the plaintiff would be without remedy against the individual defendants, upon the alleged facts pleaded in his petition. We hold now at this point only that the demurrers were improperly sustained.

The order appealed from is, therefore, affirmed, in so far as it denied plaintiff's motion to strike, and is reversed in all other respects. Costs in this court taxed one half to each party.—*Affirmed in part; reversed in part.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.