MARTHA E. MELVIN, Appellant, v. M. E. MELVIN et al., Appellees.

**PLEADING:** Demurrer—Motion in Lieu of—Status. The practice of interposing a motion to dismiss a petition "for want of equity," instead of demurring, is *again* disapproved; but if the practice be *tolerated,* such a motion must stand or fall as a demurrer. In other words, the motion may not be aided by facts and records which it is claimed exist, but which do not appear in the petition.

*Appeal from Marshall District Court.*—J. W. WILLETT, Judge.

DECEMBER 11, 1924.

SUIT in equity, begun within one year, to vacate and set aside a decree of divorce entered against the petitioner herein, in the district court of Marshall County, on July 13, 1922. The relief is sought on the ground that such court was wholly without jurisdiction to enter the decree, because both parties thereto were nonresidents of the state of Iowa and were actual residents of the state of California at the time the decree was rendered, and at all times pending such action for divorce. The plaintiff in the divorce action was M. E. Melvin, named as defendant herein. The other defendants named herein are interested in that part of the decree allowing alimony and attorneys' fees. All the defendants joined in a motion to dismiss the petition "for want of equity." This motion was sustained, and judgment entered accordingly. From such order the plaintiff has appealed.—*Reversed.*

*R. L. Parrish, R. P. Scott,* and *C. C. Caswell,* for appellant.

*F. E. Northup, C. H. E. Boardman, Walter Canady,* and *W. T. Bennett,* for appellees.

EVANS, J.—The petition herein was very lengthy. It could fairly be criticized as multifarious and argumentative. But it contained a fundamental allegation of nonresidence of both parties to the divorce proceeding, and a lack of jurisdiction of the court on that ground. Disregarding all its prolixities, it tendered a simple and material issue at that point.

Without joining issue on such allegation, the defendants chose to assail the petition as a whole, by motion to dismiss "for want of equity." Such motion has no warrant under our statutes. It is to be conceded that attorneys frequently resort to its use in the trial courts. We have diligently disapproved the practice, and have tolerated it only when it appears to be mutually acquiesced in by the opposing parties. In such case we have treated it as the equivalent of a demurrer, and governed by the same rules. So treating it here, the only question we need to consider is whether the petition sufficiently alleges the non-

residence of the parties to the divorce suit at all times pending the action. If yea, then this was a sufficient basis upon which to challenge the jurisdiction. If the petition be deemed demurrable, the demurrer must be predicated upon the allegations of the petition itself, and not upon facts or records which are claimed to exist, and which do not appear from the petition. The motion of the defendants contained certain recitals of fact upon which the motion was in part predicated. The seven grounds of the motion were literally as follows:

"First: The petition shows on its face that plaintiff is not entitled to the relief demanded, nor any relief whatever.

"Second: It appears affirmatively from the record of the case of Melvin vs. Melvin (divorce case) to this court, that Martha E. Melvin, this plaintiff, appeared in person and by counsel, obtained affirmative orders and judgments, asked and obtained affirmative relief, and that in no manner questioned the jurisdiction of this court. It further appears that from the judgment in this case in this court she appealed to the Supreme Court of Iowa, and personally and by counsel appeared, asked and obtained affirmative relief, each and all of which appears from the record made in this court and in the Supreme Court, which is admitted and affirmatively appears in the petition filed in this case. The plaintiff in this case, Martha E. Melvin, having exhausted all her rights in this court and in the Supreme Court, has had her day in court, and cannot retry her cause of action.

"Third: It is within the judicial knowledge of this court that Martha E. Melvin personally appeared in the divorce case, and also appeared by counsel, and testified that she was a resident of Marshall County, filed numerous affidavits to that effect, and in no manner challenged the jurisdiction of this court. It was also within the judicial knowledge of this court that the defendant M. E. Melvin was a resident of this county and of Marshalltown.

"Four: The petition in this case seeks to set aside a judgment rendered by this court, as the plaintiff, Martha E. Melvin, has personally appeared and appeared by counsel, has taken an appeal, and exhausted all her rights.

"Fifth: The petition in this case, while designated a

petition to set aside a judgment and decree, is, in effect, a motion for new trial.

"Sixth: Ignorance of the plaintiff, Martha E. Melvin, as to her legal rights, or the lack of knowledge of her attorneys to her legal rights, constitutes no grounds to set aside judgment and decree, particularly as an appeal has been taken to the Supreme Court from that judgment and decree, and that appeal dismissed, and the case affirmed.

"Seventh: That the plaintiff, Martha E. Melvin, appearing in person and by counsel, and submitting to the jurisdiction of the court, and not challenging the jurisdiction of this court at any place in the record, and taking an appeal from that judgment to the Supreme Court of Iowa, has waived any and all right to attack the jurisdiction of this court, to which she appeared."

If we treat the motion as a demurrer, then by the foregoing recitals it became a "speaking demurrer." *Carney v. Carpenter,* (Iowa) 197 N. W. 50 (not officially reported); *Jefferies v. Fraternal Bankers' Reserve Soc.,* 135 Iowa 284.

The facts thus recited in the motion were not brought into the record in any other manner, either by pleading or evidence. No proof thereof was offered; nor was there any pleading that would furnish a basis for such an offer.

The argument of appellees in this court in support of the order entered below is not predicated upon the question of the sufficiency or insufficiency of the allegations of the petition. On the contrary, it is predicated upon the record in the divorce case, and upon facts pertinent thereto, none of which are made to appear in the petition of the appellant. Counsel overlook that a demurrer will not lie to a *record,* but it will lie only to a *pleading. Witousek v. Ideal Food Prod. Co.,* 197 Iowa 839.

Appellees have filed here an amended abstract containing more than 50 printed pages, which is devoted almost wholly to setting forth matters which do not appear in plaintiff's petition. The very fact that counsel find it necessary to set forth such matters and to predicate their argument thereon, is itself suggestive that the real reliance of the appellees is upon such facts, and not upon mere defects in the petition. If the petition is demurrable, why predicate argument on matters outside of the

petition? If the petition is not demurrable, then issue must be joined thereon. In submitting the case upon their motion to dismiss, they thereby failed to bring before the court, by proper pleading, the very defense upon which they now rely, in support of the order of the court. Their real defense in argument here is that the allegation of nonresidence is not true, and that the pleading and evidence of this plaintiff on the former trial show the same to be untrue. The contention made by them by argument here and by their amended abstract is that the parties to the divorce suit had been residents of Marshall County for more than 30 years, and had raised their family there; that they still owned their homestead there; that they had spent a brief time only in California, where they had gone temporarily for the benefit of the health of the husband; that they had both returned from California, and were both actually living in Marshall County at the time the divorce suit was begun and while it was pending; that each party both pleaded and testified that Marshall County was their place of residence. We do not minimize the importance of these facts, if true; but they were not made to appear in the record below. Of necessity, we are not permitted to predicate decision thereon, here. Having gone into the court below with a mere motion to dismiss the petition, the appellees left their defense to it upon the doorstep outside. The sustaining of their motion operated to their misfortune, because it · closed the record door against further defense, whether meritorious or otherwise.

What we now hold is:

(1) That the recitals of fact contained in the motion to dismiss, were nugatory, except so far as they were based upon the allegations of the petition.

(2) That the motion to dismiss was not well taken, and should have been overruled.

The order appealed from is, therefore, reversed, without prejudice to the right of appellees, upon remand, to plead to the petition.—*Reversed and remanded.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.