JOHN SWANN, plaintiff in error, *vs*. THE PHŒNIX IRON AND COAL COMPANY, defendant in error.

Where the bill alleged that the defendant was of said county, but the sheriff returned "not to be found," a demurrer, based on the ground of want of jurisdiction, on account of non-residence, was properly overruled. It admitted that the defendant was of said county, and the return of the sheriff could not be considered, on such issue, to the contrary.

Equity. Jurisdiction. Demurrer. Before Judge Mc-CUTCHEN. Dade Superior Court. September Term, 1876.

The above head-note, with the decision, clearly reports the only point decided in this case.

SHUMATE & WILLIAMSON; J. A. W. JOHNSON, by brief, for plaintiff in error.

D. A. WALKER, by brief, for defendant.

WARNER, Chief Justice.

The complainant filed its bill against the defendant in the county of Dade, on the 7th of November, 1876, in which the defendant was alleged to be of said county. On the 24th of February, 1876, the sheriff made his return on the bill that the defendant was not to be found in Dade county. At the March term of the court, 1876, the complainant obtained an order to perfect service on defendant by publication, it being recited therein to have been made to appear that the defendant then resided out of the state. At the September term of the court, 1876, an order was taken and entered on the minutes of the court perfecting service on the defendant by publication, as provided by the 4185th section of the Code. The defendant, at the last mentioned term of the court, demurred to the complainant's bill, on the ground that the superior court of Dade county had no jurisdiction of the case, inasmuch as it appeared from the

proceedings therein, that the defendant was not a resident of the state, but a resident of the city of London, England, and had not been personally served. The court overruled the demurrer, and the defendant excepted.

The defendant, as the demurrer admits, was a resident of Dade county at the time the bill was filed ; having left the county and state before service thereof upon him personally, did not defeat the jurisdiction of the court, so far as relates to the subject matter of litigation embraced in the bill to be acted on and controlled by the decree of the court, within the limits of the state. That the court will render the appropriate decree in the case, at the final hearing thereof, we are bound to presume. There was no error in overruling the defendant's demurrer to the jurisdiction of the court.

Let the judgment of the court below be affirmed.