THE CONSTITUTION PUBLISHING COMPANY *v.* STEGALL.

*Atkinson, J.*—1. The declaration, as it appears in the record, without amendment, sets forth a cause of action, and the general demurrer thereto was properly overruled.

2. The office of a demurrer is to test the legal sufficiency of a declaration upon the facts as they are therein alleged; and being so limited, its scope cannot, by an agreed statement of facts which neither amends nor purports to amend the declaration, be extended to cover questions which might arise upon a motion for nonsuit upon a statement of facts otherwise than by the declaration appearing.        *Judgment affirmed.*

January 27, 1896.

Action of libel. Before Judge Westmoreland. City court of Atlanta. March term, 1895.

The declaration alleged, that the defendant printed, published and circulated, in the Atlanta Constitution newspaper, the following false, malicious and libellous words concerning plaintiff: "Says they blew it in. John Stegall, a butcher, who has figured in police circles before, was arrested last night, charged with stealing $20 from a young boy named Valentine. The amount had been given with which to pay a bill. Stegall says that they blew it in together, and that this is all there is in the affair." Plaintiff's name is John Stegall, and at the time of said publication he was a butcher. He has lived in Atlanta since 1866, has never been in the police court on any charge, has

always been honest, sober and upright, and has at no time been a party to any such criminal transaction as is referred to in said publication. He never knew or heard of any such person as Valentine; and the publication, besides exposing him to public hatred, ridicule and contempt, greatly damaged him in his business, causing him to lose lucrative employment and destroying his credit and mercantile standing. He lays damages at $9,650.50. Defendant demurred to the declaration, for want of a cause of action; and the demurrer was heard upon an agreed statement of facts in addition to the declaration itself. This statement was, that the publication was made in the newspaper as alleged; that plaintiff is the only John Stegall residing in Fulton county at the time of the publication, and the same was not true so far as it referred to him; that a reporter of the newspaper saw a person named Will Stegall under arrest, charged with the crime set out in the publication, and it was the reporter's purpose to refer to Will Stegall, but through error he reported the name of plaintiff instead; and that in fact the reporter and defendant had no malice toward plaintiff. The demurrer was overruled.

*Dorsey, Brewster & Howell*, for plaintiff in error.
*J. B. Stewart*, contra.