## JONES v. McNEALY.

1. Objections to the sufficiency of a petition can not be properly made by answer, but must be raised by demurrer, or by a motion in the nature of a demurrer.

2. When the present value of promissory notes maturing in the future and including in the amounts named therein both principal and interest is to be ascertained, such value should be arrived at by taking into account the amount of interest actually embraced in the notes, and not by discounting them in accord with the legal rate of interest prevailing in the jurisdiction wherein the notes are payable.

Argued November 22, — Decided December 12, 1901.

Equitable petition. Before Judge Butt. Muscogee superior court. February 7, 1901.

. *T. T. Miller* and *C. E. Battle*, for plaintiff in error.
*Hatcher & Carson*, contra.

LUMPKIN, P. J. Mrs. McNealy filed against Rufus Jones an equitable petition which was, in brief, substantially as follows: On the 12th of June, 1894, she was indebted to the firm of Jones Brothers & Butt in the sum of $1,695, evidenced by 170 promissory notes, all for $10 each except one which was for $5. These notes became due one each month for a period of 170 months, beginning with October 1, 1894. Each note bore interest from its maturity at 8 per cent. per annum, and the payment of all was secured by a mortgage on a lot in Phœnix City, Ala. By way of additional security, plaintiff procured insurance upon a house situated on said lot, "loss, if any, payable to mortgagees and payees of said notes." Said firm was dissolved and Rufus Jones became the owner and holder of said notes and mortgage. . Plaintiff promptly paid each note as it matured till October 1st, 1899, the payments aggregating $600. The house was consumed by fire, September 28, 1899. On that date the policy was so written as "to protect the said Rufus Jones as his interest should appear." The insurance company remitted its check for $1,056, payable to plaintiff and said Jones. She indorsed the check and turned it over to him, "he agreeing to settle with petitioner." He collected the amount named in the check and paid over to petitioner $108.58, but refused to account and settle further with her. The said Jones now holds the remaining notes, aggregating $1,090. The average time

for paying the same would be four years and seven months. Jones claims the right to hold and use the insurance money without allowing anything for interest thereon, and insists upon the right to hold this money and appropriate it to the payment of the notes as they severally mature. If plaintiff's indebtedness to Jones should be reduced to its present cash value, it would amount to only $647.88, and leave due to her by Jones a balance of $299.62, with interest from December 15, 1899, the date when the insurance money was collected. The prayers of the petition, based on the facts above set forth, were, that an accounting be had between the plaintiff and Jones; that her indebtedness to him be reduced to its present cash value and paid out of the insurance money; that she have judgment against him for the balance, as above stated; and that her unpaid notes and the mortgage given to secure the same be canceled.

There was no demurrer to this petition. The defendant filed an answer in which he asserted "that while he is not, either in law or equity, bound to accept payment of the said indebtedness before it matures and rebate the interest thereon agreed to be paid in the original contract, still he is perfectly willing to do so" upon a fair and equitable basis, but not upon that on which the plaintiff seeks to compel him to make settlement with her. By way of cross-action he set up certain facts respecting the manner in which the plaintiff's indebtedness arose, and alleged that, by reason of mistakes in calculation, the several notes which she executed and delivered to the firm of Jones Brothers & Butt, and which he afterwards acquired in his individual right, did not embrace the full amount of principal and interest upon which the parties to the contract had agreed. So much of the answer as embraced this cross-action was stricken on demurrer. Thereafter the defendant amended his answer, and in substance alleged that the original amount of the plaintiff's indebtedness to Jones Brothers & Butt was $1,250; that, in giving her credit and extending the time for payment of this sum, "it was agreed that the same be paid at $10 per month, and that interest be added to said sum of $1,250 at the rate of eight per cent. per annum for the average time; . . that interest was calculated, and that, by some mistake, instead of interest being added at the rate of 8 per cent. for the average time, only about two & 53/100 per cent. was added to the principal amount or cash

consideration for the building of" a dwelling-house for the plaintiff by said firm. After making these allegations, the amendment closed as follows: "Defendant says that he has always been ready and willing to adjust the matters complained of by plaintiff, and stands now ready and waiting to do so, upon a just, fair, and equitable basis; that he is willing to rebate the interest on the balance due by the said plaintiff at the same rate of interest charged upon the cash or principal sum for the building of said house, and that to do so will still leave the said plaintiff indebted to this defendant. Wherefore defendant prays that upon an accounting with the defendant, that if the said plaintiff should be further indebted to the defendant in any sum over and above the sum of $925 now in his hands, that he may have judgment against the said plaintiff for said sum, and defendant will ever pray, etc." This amendment was stricken on demurrer, and the court directed a verdict in favor of the plaintiff. In arriving at the amount of this verdict the court reduced the total amount due upon the plaintiff's unpaid notes to its cash value by discounting the notes at the rate of 8 per cent. per annum. The court did not adopt this basis of calculation because the notes bore this rate of interest after their maturity, but for the reason that they were payable in Alabama, where the legal rate of interest is 8 per cent. per annum. The defendant sued out a bill of exceptions assigning error upon the various rulings above indicated, and brought the case here for review. We extract the following from the brief of counsel for the plaintiff in error: "Two questions are presented by the bill of exceptions, and error assigned therein, as follows: First: Did the defendant in error have the right to force the plaintiff in error to accept payment in advance of maturity of the notes and rebate them at the rate of 8 per cent. per annum for the unexpired time between the date of payment and the maturity of the notes? Second: If the defendant in error had the right to force the plaintiff in error to make settlement before maturity of the notes and ask rebate of the interest, could she ask that they be rebated at a greater rate of interest than was originally charged her and added in the face of the notes?" As these were the only points insisted upon here, we shall restrict our discussion accordingly.

1. The question as to whether or not Mrs. McNealy had the right to force Jones to accept payment in advance of the maturity

of the notes and compel him to rebate the interest upon an equitable basis was not properly raised in the court below. While the answer filed by Jones contained an assertion to the effect that she had no such right, this was not the proper method of challenging her claim that in equity he was bound to make such an adjustment and settlement. On the contrary, the question thus sought to be raised should have been presented by a demurrer to her petition, or by a motion to dismiss based on the ground that it set forth no cause of action. In support of this ruling it is only necessary to refer to the Civil Code, § 5049, which points out the practice to be observed in such a case.

2. The other point is well made and is meritorious. The plaintiff was in a court of equity insisting upon a settlement between herself and the defendant upon an equitable basis. Conceding, in view of the pleadings, that she had a right to have her notes scaled down to their cash value and satisfied out of the insurance money, it is clear that the calculation for this purpose should have been made on the basis of deducting the interest actually incorporated in the notes, and not upon the basis of any arbitrary rule with respect to the legal rate of interest in Alabama. The notes embraced so much as principal and so much as interest. Assuming that the defendant was bound to anticipate the time of payment and accept the cash value of the unmatured notes, it is manifest that the adjustment to be made should have been predicated on the actual facts of the transaction, and not upon an arbitrary theory as to how much unearned interest should be deducted in view of a present settlement between the parties. The court erred in striking the above-mentioned amendment to the answer of the defendant. *Judgment reversed. All the Justices concurring.*