## NELSON v. NELSON.

FISH, C. J. 1. On the hearing of a rule requiring the respondent to show cause why he should not be adjudged in contempt for failure to pay alimony in pursuance of an order formerly granted, while the evidence was conflicting, there was evidence submitted in behalf of the respondent which authorized the judge to find that subsequently to the grant of alimony the petitioner and the respondent had voluntarily lived together and cohabited as husband and wife for something like a month, that he afterwards left her by reason of the discovery for the first time that she had committed adultery after the allowance of alimony and between the date of their separation and their recohabitation, and that later he obtained a total

divorce from her on the ground of her adultery. *Held*, that this was sufficient cause to warrant the judge in refusing to make the rule absolute. See *Jennison* v. *Jennison*, 136 *Ga.* 202 (3*a*), 210 (71 S. E. 244, Ann. Cas. 1912C, 441).

2. It was not error to admit in evidence, on behalf of the respondent, the record of the divorce proceedings; nor was there error in the other rulings as to the admission of evidence, which requires a reversal.

*Judgment affirmed. All the Justices concur.*

No. 2047. NOVEMBER 11, 1920.

Attachment for contempt. Before Judge Terrell. Coweta superior court. April 21, 1920.

*Stanford Arnold* and *W. L. Stallings*, for plaintiff.

*T. G. Farmer Jr.*, for defendant.