### 13412.  BURKHALTER *v.* LANIER.

JENKINS, P. J.  In the trial of issues raised by a counter-affidavit to a distress warrant the plaintiff landlord made what the bill of exceptions terms an " oral motion to strike " from the counter-affidavit a particular defense, in the nature of a plea of res judicata by reason of a previous verdict and judgment rendered in favor of the defendant tenant in the superior court on a dispossessory warrant involving the same premises. Construing the motion of the plaintiff as merely a motion to strike, in the nature of a general demurrer to the defendant's plea, the receiving of evidence upon the motion would have been irregular, the question being merely of law, to be determined from the face of the pleadings. *Williams* v. *Lancaster,* 113 *Ga.* 1020 (9) (39 S. E. 471); *Constitution Pub. Co.* v. *Stegall,* 97 *Ga.* 405 (24 S. E. 33). From the judge's certificate, however, it appears that the parties must have treated the motion as one setting up the absence of evidence to support the plea, and as therefore in the nature of a motion to direct a verdict against the plea; and since the defendant himself offered in evidence the record in the previous case, before the court had ruled on the motion, and since it appears from that record that the issues involved in the instant case were not the same, and that the defendant did not show and could not possibly have shown that they were the same, save as to the matter of set-off which was not in dispute, the mere fact that in arriving at the only possible result with respect to such defense the court sustained the motion and struck the plea, instead of directing a verdict thereon, would not authorize this court to set aside the judgment and send the case back for another trial.

*Judgment affirmed.   Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 7, 1923.

Distraint; from city court of Millen — Judge Dekle.   January 30, 1922.

*A. S. Anderson, J. W. DeLoach,* for plaintiff in error.
*William Woodrum,* contra.