CROWLEY v. CALHOUN et al.

GILBERT, J.  1. The petition set out a cause of action. Compare *Davis* v. *Bishop*, 158 *Ga.* 66 (122 S. E. 555). Neither illegality nor any other remedy at law, under the facts alleged, would afford the plaintiff complete and adequate relief. One of the jurisdictional grounds of equity is to cancel writings which cast a cloud over the complainant's title; and if the allegations of the petition are true, the plaintiff would be entitled to that relief. *Crane* v. *Barry*, 47 *Ga.* 476; *Jordan* v. *Callaway*, 138 *Ga.* 209 (3) (75 S. E. 101).

2. It is insisted by the defendant in error that the petition was properly dismissed, because the Atlanta Banking & Savings Company was not made a party. If that company was a necessary party, this point should have been raised by special demurrer, and could not be raised by the general demurrer. *Cason* v. *United Realty &c. Co.*, 158 *Ga.* 584 (123 S. E. 894).

3. Defendant in error insists "that on review of a decision by the court sustaining a general demurrer to an equitable petition, while generally the court should look only to the petition and demurrer to decide whether or not error has been committed, yet where the petition is vague and uncertain and does not disclose the nature of the debt to the bank which was deducted from the proceeds of sale, nor who signed the notes to the bank for said debt, and where the plaintiff in error recites in his bill of exceptions that the answers of both of the defendants in error are necessary to a clear understanding of the errors complained of, that then in order to determine the facts of the case it is submitted that it is right and legal to look to the answers of defendant for that purpose." *Held:* In considering the sufficiency of the petition on a demurrer, extraneous facts can not be considered. Such facts can not be considered, whether they are found in the defendant's answer or otherwise. Such facts, even if contained in the demurrer, could not be considered, because such a demurrer would be "speaking," and this is never allowed. *Clark* v. *East Atlanta Land Co.*, 113 *Ga.* 21, 27 (38 S. E. 323). "It is the office of a demurrer to deal with the sufficiency of allegations actually made. Beyond this it can not properly go." *Constitution Publishing Co.* v. *Stegall*, 97 *Ga.* 405 (2) (24 S. E. 33). *Jones* v. *McNeely*, 114 *Ga.* 393 (40 S. E. 248); *Kelly* v. *Strouse*, 116 *Ga.* 872, 883, bottom of page (43 S. E. 280).

4. The court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*

No. 4911. NOVEMBER 20, 1925.

Equitable petition. Before Judge Bell. Fulton superior court. April 10, 1925.

Crowley filed an equitable petition against J. I. Lowry, sheriff of Fulton County, and Roy E. Calhoun, alleging, in substance, that

Executions 23 C. J. p. 789, n. 10, New.

Pleading 31 Cyc. pp. 270, n. 95, 96; 271, n. 13; 322, n. 24; 323, n. 25, 26.

Quieting Title 32 Cyc. p. 1305, n. 2.

Calhoun obtained a judgment in the city court of Atlanta against the plaintiff for the sum of $1236.53 principal and $3.29 interest, and execution was rendered thereon as a general lien against the defendant, with special lien against described property; that, acting under the authority of the aforesaid execution, Lowry, sheriff, thereafter sold the described property at sheriff's sale to the highest bidder, and before any bids were received the sheriff announced to the assembled bidders that Roy E. Calhoun held a lien against the property for $428.35 and that the successful bidder would have to assume this lien; that, acting on the faith of said announcement, plaintiff bid the sum of $1350 for said property, knowing that this amount would more than entirely cover the judgment held against him by said Calhoun, together with the court costs and sheriff's fees; that, after plaintiff had made his bid of $1350, defendant Calhoun bid the sum of $1400; that, acting in the faith of the sheriff's announcement as to the assumption of the lien of $428.35 by the successful bidder, plaintiff did not make any further bid, but allowed the property to be sold to said Calhoun at the sum of $1400; that, notwithstanding the announcement made by the sheriff that the successful bidder was to assume the lien of Calhoun, amounting to $428.35, the sheriff, paid over to the attorney for Calhoun, out of the proceeds of the sale, $428.35, and after deducting court costs, amounting to $58.28, credited the fi. fa. against plaintiff with $913.37, leaving a deficiency judgment against plaintiff of $326.45 besides interest; that, under the terms of the sale as announced, the $1400 received by the sheriff was ample to have entirely paid off the judgment against plaintiff, together with all costs, and "that the acts and doings of said defendants, J. I. Lowry and Roy E. Calhoun, in appropriating $428.35 of this sum to the payment of the lien held by Roy E. Calhoun, was illegal and fraudulent, and leaves a deficiency judgment against plaintiff herein, which is of record in the clerk's office of Fulton superior court, and which is a cloud upon such property as he owns and a menace to his credit." It is further alleged that the claim of $428.35 held by Calhoun was not in reality a lien against said property, the same being evidenced by promissory notes due the Atlanta Banking & Savings Company, which had never been reduced to judgment or in any wise attached as a lien against said property, and for this additional reason it was illegal for the sheriff

to apply the proceeds of the sale of said property to the payment of said notes in preference to the judgment against plaintiff and in favor of Calhoun. The prayers are, for process; that the payment of $428.35 out of the proceeds of the sale to the payment of the claim held by Roy E. Calhoun be declared null and void, and the sheriff be ordered and directed to apply that sum to the payment of the judgment against plaintiff above mentioned; that said judgment be canceled of record; that the sheriff be restrained from in any wise levying or executing the deficiency judgment against plaintiff complained of; and for general relief.

Roy E. Calhoun demurred to the petition, on the following grounds: (1) That "the averments of the petition set forth no good and sufficient cause of action against the defendants in this case." (2) Because "it appears from the averments in the petition that plaintiff is not entitled to the relief prayed for against said Calhoun in this case." Both of the defendants filed answers setting up facts at variance from the allegations of the petition, thus raising issues of fact. The court sustained the general demurrer and dismissed the petition. The exception is to that judgment. The bill of exceptions specifies, in addition to the petition and the demurrer, the answers of both defendants, and the same were brought to this court as part of the record.

*C. N. Anderson* and *H. M. Morris,* for plaintiff.

*Napier, Wright & Wood* and *J. A. Noyes,* for defendants.