## 20490. O'QUINN v. PATTERSON.

JENKINS, P. J. 1. In a suit on a bond given for the forthcoming of property levied upon under a mortgage foreclosure, the measure of the plaintiff's damages, upon a breach of the condition of the bond being shown, is the value of the property at the time of the execution of the bond, the amount of the damages in no case to exceed the amount due on the execution levied. Civil Code (1910), § 6043. Thus, in such an action a surety may plead in defense that the amount sought to be recovered is not due, because of a payment made by the surety on the indebtedness and not credited on the mortgage. *Barrett* v. *Butler*, 54 *Ga.* 581 (3); *Lackey* v. *Mize*, 75 *Ga.* 692; *Kinney* v. *Avery*, 14 *Ga. App.* 180 (8) (80 S. E. 663).

2. In passing upon the sufficiency of an amendment to the plea of the surety, which set up such payment on the indebtedness made prior to the foreclosure, extraneous facts can not be considered. *Crowley* v. *Calhoun*, 161 *Ga.* 354 (3) (130 S. E. 563). Accordingly, whether or not a previous adjudication in the illegality proceeding against the principal on the bond, who had, in that proceeding, pleaded the same payment set up by the surety in the instant suit, would be conclusive as against the surety, the filing of such former plea by the principal constituted no valid objection to the allowance of the amendment proffered by the surety in the suit on the bond. *Sims* v. *Etheridge*, 169 *Ga.* 400 (2) (150 S. E. 647). Moreover, it does not appear from the record in the instant case that the issue made in the former case upon the plea of the principal on the bond, the defendant in the illegality proceeding, was determined adversely to that defendant, since, so far as the record indicates, the affidavit of illegality may have been withdrawn or voluntarily dismissed by the affiant.

3. The proffered amendment to the plea of the defendant, which set up that between the time of the levy and the day of the sale the horse levied upon "died from natural causes, despite the best of care and attention given to it," that notwithstanding the horse was "treated and handled with all of the care and attention usually given by persons generally to their stock," it became sick and died "despite all of the care and attention that could be given to him and despite all of the care and attention usually given to horses under similar circumstances was given to him," should have been allowed, since it sufficiently set forth that the inability of the defendants to produce the property described in the forthcoming bond sued on resulted from some misfortune or accident "arising from inevitable necessity which human prudence could not foresee or prevent," amounting to an "act of God." See, in this connec-

tion, *Early* v. *Hampton*, 15 *Ga. App.* 95, 99 (82 S. E. 669). Whether or not the plea as thus amended would be subject to special demurrer is not a question presented for determination.

4. Under the foregoing rulings, the court erred in rejecting the proffered amendments to the plea, and in thereafter permitting the case to proceed to trial and a verdict and judgment to be entered against the defendants.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1931.

*J. B. Moore, J..P. Highsmith,* for plaintiff in error.
*Wade H. Watson,* contra.