RUSSELL *et al. v.* BURROUGHS.

No. 11432. NOVEMBER 13, 1936.

*Earle Norman,* for plaintiffs in error.

*Lamar C. Rucker* and *Clement E. Sutton,* contra.

BECK, Presiding Justice. This suit was brought by Mrs. Emma Burroughs jointly against J. Russell doing business as Russell Transfer Company, and the Great American Indemnity Company of New York, alleged to be "the insurance carrier of the defendant," to recover damages for the killing of the plaintiff's minor daughter, caused by the alleged negligent operation of a truck by the defendant's agent. Russell is alleged to be a motor common carrier, and the indemnity company is alleged to be jointly liable with him under the provisions of the motor common-carriers act of 1931. A copy of the indemnity or insurance contract is attached to the petition. The defendants demurred separately, each upon the following grounds, among others: That it appears on

the face of the petition that different causes of actions have been improperly united, to wit, one arising ex delicto against Russell for the alleged negligent killing, and one arising ex contractu against the indemnity company because of a certain contract made by that company with Russell under and in pursuance of the motor common-carrier acts of March 31, 1931, and of August 27, 1931; and that such joining of separate and independent causes of action and separate and independent parties defendant is not permitted under the established law of this State; that the contract of indemnity insurance sued on is a contract wholly between Russell and the Great American Indemnity Company, in which the plaintiff has no legal or equitable right or interest and no privity with the parties to said contract, unless and until the plaintiff has obtained a final judgment against Russell in a suit establishing a liability covered by the insurance contract. In the joint demurrer filed by the defendants the petition as amended is demurred to on the ground that motor common-carrier acts approved March 31, 1931 (Ga. L. Ex. Sess. 1931, pp. 99-114), and August 27, 1931 (Ga. L. 1931, pp. 199-213), are unconstitutional, null and void, in so far as section 7 of each act undertakes to provide that motor carriers operating within the terms of said act shall give bonds for the benefit of persons who have sustained injuries, or in lieu thereof to give policies of indemnity insurance, which policies shall conform to the provisions relating to bonds, on the ground that the provisions of section 7 in the acts of March 31, 1931, and of August 27, 1931, are not indicated in the titles of these acts, and therefore section 7 of each act is void in the particulars named, because it violates article 3, section 7, paragraph 8, of the constitution of this State (Code, § 2-1808). The defendants further demur to the petition, on the ground that if section 7 of either of these acts is to be construed as undertaking to give a right to sue in one action on tort and on contract, it provides a special law for which there is an existing general law, to wit, Code, § 3-113, which only allows actions on contract to be brought in one suit, or claims arising in tort to be brought in one action, but not the two actions together; and that a special law which undertakes to permit an action arising ex delicto and one arising ex contractu to be brought in one and the same suit is unconstitutional and void, because in violation of article 1, section 4, paragraph 1, of the constitution,

as contained in the Code, § 2-401, to the effect that no special law shall be enacted in any case for which provision has been made by an existing general law. The court overruled all the grounds of demurrer. Upon the trial the jury returned a verdict in favor of the plaintiff, and the defendants excepted.

The Code, § 3-113, declares: "All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined." Upon the authority of this section it has been uniformly held by this court that two such separate and distinct causes of action can not be joined in one suit. See *Herring* v. *Smith,* 141 *Ga.* 825 (82 S. E. 132); *Wolff* v. *Southern Railway Co.,* 130 *Ga.* 251 (60 S. E. 569). Numerous other decisions might be cited; but this principle is too well settled in this State to require further citation or elaboration. The plaintiff bases her right to bring this suit jointly against Russell and the Great American Indemnity Company, alleged to be "the insurance carrier of the defendant," upon the contract of indemnity insurance made in pursuance of the provisions of section 7 of the act of the General Assembly approved March 31, 1931, known as the motor-carrier act, and the same section of the act approved August 27, 1931, known as the motor common-carrier act, as follows (Code, § 68-612): "No certificate shall be issued or continued in operation unless the holder thereof shall give and maintain bond, with adequate security, for the protection, in case of passenger vehicles, of the passengers and baggage carried, and of the public, against injury proximately caused by the negligence of such motor common carrier, its servants or agents; and in cases of vehicles transporting freight, to secure the owner or person entitled to recover therefor against loss or damage to such freight for which the motor common carrier may be legally liable, and for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents. The commission [meaning the Public-Service Commission] shall approve, determine, and fix the amount of such bonds, and shall prescribe the provisions and limitations thereof, and such bonds shall be for the benefit of, and subject to suit or action thereon by, any person who shall sustain actionable injury or loss protected thereby. The commission may, in its discretion, allow the holder of such certificate to file in lieu

of such bond a policy of indemnity insurance in some indemnity insurance company authorized to do business in the State of Georgia, which policy must substantially conform to all of the provisions hereof relating to bonds, and must likewise be approved by the commission. The commission shall have power to permit self-insurance in lieu of a bond or policy of indemnity insurance, whenever, in its opinion, the financial ability of the motor carrier warrants."

This statute, being in derogation of the common law, must be strictly construed, and so construed the provision quoted does not authorize a joint suit to be brought against the tort-feasor and his insurance carrier. There is no express language to that effect. Even if the language employed in reference to the giving of a policy of indemnity insurance for the protection of the public makes the insurance carrier equally liable to suit with the tort-feasor, it does not authorize a joint action against them. Nor was anything to the contrary said by this court in its recent decision in the case of *Great·American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233 (187 S. E. 24), where this court upheld the action there brought directly against the indemnity company alone, and referred to it as a suit upon a contract. In the absence of express provisions to that effect in the statute, it will not be construed to change the general and settled law of this State with reference to the joinder of actions. Hence there was a misjoinder of causes of action and a misjoinder of parties defendant, and the demurrers based upon these grounds should have been sustained, and the action dismissed when the plaintiff refused to elect which she would sue, the alleged tort-feasor in an action ex delicto, or the indemnity company on its statutory contract of indemnity insurance. This holding renders it unnecessary to pass upon the question as to the constitutionality of the statute, since the constitutional attacks here made are conditioned upon a contrary ruling of this court in construing the statute.

The other grounds of special demurrer were either met by appropriate amendment or were without merit. Under the foregoing ruling, what took place on the trial of this case before a jury was nugatory.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Bell, J., who dissent.*