32314. LANKFORD *v.* HOLTON *et al.*

DECIDED FEBRUARY 3, 1949. REHEARING DENIED FEBRUARY 24, 1949.

634

*W. C. Lankford,* for plaintiff.

*R. A. Moore, Memory & Memory,* contra.

TOWNSEND, J. (After stating the foregoing facts.) In order for the plaintiff in the instant case to be entitled to recover the rents and profits as money had and received which form the basis of his action, as assignee of Mrs. Mattie L. Lankford, it must appear from the petition that she, in the absence of assignment thereof, was entitled to said rents and profits. Of course he got no better title to the rents and profits than Mrs. Lankford had. In *Lankford* v. *Holton,* 195 *Ga.* 317, 334, 335, 336, in dealing with the title to the same land, the rents and profits from which, as money had and received, the plaintiff claims as assignee of Mrs. Mattie L. Lankford, the Supreme Court held as follows: "Assuming, but not deciding, that the examiner was authorized to find that Mrs. Holton in 1924 breached the option by refusing to accept the tender of the $100 monthly payment and by taking possession, Mrs. Lankford was not released from her ultimate obligations required by the option, nor was she deprived of her right to insist upon performance by Mrs. Holton. By its terms the option was to be discharged by specified pay-

ments, and upon its expiration date in 1930 the balance of the purchase-money was to be paid. Mrs. Lankford did not tender either the purchase-money, the interest, taxes, paving assessments or fire-insurance premiums required by the option, upon the expiration date or at any other time, nor did she demand an accounting, or make any effort to enforce the option contract; but some years thereafter in her pleadings she denied its existence and validity. The option contract, among other things, provided that if at the end of seven years from its 1923 date, the balance of the purchase-money was not immediately paid, 'this option to purchase shall become void,' and that any payments made by Mrs. Lankford were to be applied as rents.

"Where an option contract is breached by the optionor, the optionee can not stand silently by for a long number of years, see the optionor take possession, assert and bear the burdens of ownership, make substantial improvements, and then, after having acquiesced in the breach, successfully claim rights under an option contract that had been openly abandoned by the parties thereto. In her answer filed in 1928 Mrs. Lankford merely denied the right of Mrs. Holton to register title, and by a series of amendments beginning in 1937 she claimed the right to have title to 3½ tracts registered in her name by reason of prescription and on the plea that Mrs. Holton's chain of title was infected with usury. If Mrs. Lankford relied for registration on legal title to 3½ tracts, that contention has been settled adversely to her by the foregoing rulings upon her main bill of exceptions in this case, 14333. If she relied on equitable title or interest by reason of the settlement agreement and a claimed breach of the option contract, her claim is barred by acquiescence in the breach and by abandonment of any claim thereunder and by laches.

"The evidence in this case does not support the examiner's finding of equitable title to 3½ tracts in Mrs. Mattie L. Lankford, and the exceptions of law to this finding should have been sustained. The court erred in approving this finding, and in entering decree to this effect. Direction is given, that, on return of the remittiturs in this case to the court below, an order be entered sustaining the exceptions to the examiner's findings of law numbered 12 and 13, and that the court strike from the decree all provisions which grant an equitable title to Mattie L.

Lankford·and all provisions making legal title subject to divestment upon performance of any obligation by Mrs. Mattie L. Lankford, referred to in the decrees." Therefore the fact that Mrs. Lankford had no interest in the lands in question at the time of the assignment of rents and profits thereof to the plaintiff herein had irrevocably been adjudicated by a court of competent jurisdiction.

*Lankford* v. *Holton,* 204 *Ga.* 192 (48 S. E. 2d, 833), was a suit by Mrs. Mattie L. Lankford against the defendant herein and others for the same lands, the rents and profits from which, form the basis of the suit in the instant case. By amendment in that case Mrs. Lankford sued for the rents and profits from this land, the same as her assignee, the plaintiff herein, is doing in the instant case. In fact, reference to the original record of file in the office of the Clerk of the Supreme Court in that case discloses that 9 paragraphs of the amendment are in the exact language of 9 paragraphs of the petition in the instant case, and that otherwise said amendment bears such remarkable similarity to the petition in the instant case as to admit no doubt that said amendment and the petition in the instant case were seeking the recovery of identical funds. Although a distinction is sought to be drawn in the instant case from that case by calling the funds sued for in the instant case "money had and received" whereas in that case the action was for the land and rents and profits from them, yet an excerpt from the plaintiff's motion to rehear filed in the Supreme Court is as follows: "In rendering said decision the court overlooked and failed to consider entirely the first amendment to said petition of transcript of record in said case in which we respectfully submit, is set forth a separate and complete independent cause of action, not for rents as such but for 'money had and received.'" Thus it appears that the suit there was not only for identical money, but counsel for the plaintiff there who also is counsel for the plaintiff here, referred to the fund as "money had and received." Therefore the distinction in name only is not too clearly drawn.

In holding that the trial court did not err in sustaining a general demurrer to the petition the Supreme Court held as follows: "Where a suit for land describes certain realty, alleges title thereto, and also claims rents for which judgment is prayed, and

where in said petition the right to title and rents is predicated upon a previous decision of this court between the same parties and involving the title to the same land, which decision is attacked as being erroneous, the petition was subject to general demurrer." It follows that at the time of this decision of the Supreme Court, July 15, 1948, or approximately 6 weeks before her assignment to the plaintiff here, it was adjudicated that Mrs. Mattie L. Lankford had no interest in the rents and profits from the lands in question. Since she had no such interest her assignment conveyed nothing to the plaintiff here, and he, the same as his assignor, has no cause of action for the rents and profits forming the basis of his suit.

Although the petition in the instant case alleges certain conclusions of law tending to show the lack of conclusiveness of the previous judgments between the parties and their privies as to the subject-matter in the instant case, such conclusions are contradicted by the judgments themselves. Only facts are admitted by demurrer, and not legal conclusions drawn therefrom by the pleader. See *Terre Haute Nat. Bank* v. *Horne-Andrews Commission Co.*, 24 *Ga. App.* 320 (1) (101 S. E. 6).

Where the petition alleges facts as true which are contradicted by a judgment of a court of competent jurisdiction between the same parties and their privies as to the same subject-matter, such facts can not be held to be true. The court is bound to take judicial notice of the judgment which is the law of the case, and allegations in the petition contradicting the same will not prevent the sustaining of a demurrer. See *Petty* v. *Atlanta*, 40 *Ga. App.* 63 (148 S. E. 747). Code § 110-501 provides as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until such judgment shall be reversed or set aside." A judgment of a court of competent jurisdiction sustaining a general demurrer to a petition on the ground that it sets out no cause of action is a decision upon the merits of the case and such judgment is res judicata of that cause of action. See *Sudderth* v. *Harris*, 51 *Ga. App.* 654 (181 S. E. 122).

As heretofore pointed out the allegations in the instant case

show unmistakably that the suit here is for the identical funds sued for by plaintiff's privy and assignor, Mrs. Mattie L. Lankford in *Lankford* v. *Holton,* 204 *Ga.* 192 (supra). It follows that the suit there is res judicata of this cause of action, and that the trial court taking judicial cognizance thereof, did not err in sustaining the general demurrer to the petition in this case.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*