### 33049. COURTNEY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

FELTON, J. 1. A judgment overruling a general demurrer to a petition, unexcepted to and not vacated or set aside at the same term or at a later term upon a motion made during the term, becomes the law of the case. Where such a ruling is made and no motion is made during the term to vacate it or set it aside, and where such judgment remains in effect, it is error for the court at a subsequent term to sustain a motion to dismiss in the nature of a general demurrer and to dismiss the action. *Georgia Northern Railway Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659); *Dye* v. *Alexander,* 195 *Ga.* 676(1) (25 S. E. 2d, 419); *Miraglia* v. *Bryson,* 152 *Ga.* 828(2) (111 S. E. 655).

2. Admissions or statements by a party or his counsel are not proper matters for consideration in passing on a demurrer to pleadings or a motion to dismiss in the nature of a demurrer. *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45), and cits.; *Bowman* v. *Davis,* 51 *Ga. App.* 478(6) (180 S. E. 917).

3. Since there was a judgment overruling the general demurrer to the petition, unreversed and unexcepted to, the court erred in taking into consideration the admission of counsel for the plaintiff in passing on the motion to dismiss the petition and in dismissing the action at a term subsequent to the term at which the judgment overruling the general demurrer was rendered.

The court erred in sustaining the motion to dismiss the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*

DECIDED MAY 19, 1950.

*Isaac M. Wengrow, Norris C. Broome,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for defendant.