40751.   REEVES v. SOUTH AMERICA MANAGERS, INC.
et al.

DECIDED JUNE 15, 1964—REHEARING DENIED JULY 6, 1964.

*Ted D. Spears, Virgil H. Smith,* for plaintiff in error.

*Edenfield, Heyman & Sizemore, William H. Major, Albert E. Mayer,* contra.

NICHOLS, Presiding Judge. ■ The petition in the present case alleged that the contract of insurance was issued by the alleged unauthorized insurer through the defendant Wallace, the agent of such insurer. The answer of the defendant insurer ad-

mitted the jurisdiction of the trial court but denied the allegation that it is an unauthorized insurer. The plaintiff's motion to strike this defendant's pleadings, while denominated a motion to strike, was not a motion in the nature of a general demurrer since it contained a prayer for rule nisi to issue requiring the defendant insurance company to show cause why its defensive pleadings should not be stricken on the grounds that the defendant was an unauthorized insurer who had not complied with the condition precedent (*Code Ann.* § 56-610), before filing such pleadings. Evidence is properly heard in such a case. See *Nelson v. Nelson*, 150 Ga. 671 (104 SE 779).

No evidence is contained in the record as to why such motion to strike was overruled and the ruling made by the trial court was only that the motion to strike should be overruled. Such ruling merely established that the insurer's defensive pleadings should not be stricken on the grounds made by such motion. And without a brief of the evidence it must be assumed that the trial court correctly overruled such motion.

■ The defendants contend that the ruling that the insurer's defensive pleadings should not have been stricken established the "law of the case" that it was not an unauthorized insurer and that therefore the special demurrers on the grounds of misjoinder of parties defendant and causes of action were properly sustained. Such was not the effect of the judgment of the trial court for such judgment merely established that the defensive pleadings should not have been stricken on the grounds made by the plaintiff's motion.

However, had the trial judge so determined when he overruled the motion to strike the defendant insurer's defensive pleadings such ruling could not be considered when passing upon the demurrers to the plaintiff's petition.

"In passing upon the merits of a petition on the hearing of a demurrer, it is erroneous for the court to take into consideration facts that are not shown by the petition." *Pollard v. Blalock*, 147 Ga. 406 (2) (94 SE 226). "In considering the sufficiency of the petition on a demurrer, extraneous facts cannot be considered. Such facts cannot be considered, whether they are found in the defendant's answer or otherwise. Such facts, even if contained

in the demurrer, could not be considered, because such a demurrer would be 'speaking,' and this is never allowed. *Clarke v. East Atlanta Land Co.,* 113 Ga. 21, 27 (38 SE 323). 'It is the office of a demurrer to deal with the sufficiency of allegations actually made. Beyond this it cannot properly go.' *Constitution Publishing Co. v. Stegall,* 97 Ga. 405 (2) (24 SE 33). *Jones v. McNealey,* 114 Ga. 393 (40 SE 248); *Kelly v. Strouse,* 116 Ga. 872, 883, bottom of page (43 SE 280)." *Crowley v. Calhoun,* 161 Ga. 354 (3) (130 SE 563). Neither can an interpleader be considered when passing upon a demurrer to a petition, *Kinney v. Crow,* 186 Ga. 851, 857 (199 SE 198), a return of the sheriff, *Swann v. Phoenix Iron &c. Co.,* 58 Ga. 199, nor admissions of a party or his counsel, *Courtney v. State Farm Mutual Auto. Ins. Co.,* 81 Ga. App. 616 (59 SE2d 556), and the sole question presented by the demurrers alleging misjoinder of parties defendant and causes of action was whether this was shown by the plaintiff's petition.

The petition alleged that the defendant Wallace, as agent of the defendant insurer, procured the policy of insurance, and collected premiums for the purpose of forwarding them to the defendant insurer who was unauthorized to do business in the State of Georgia. Under *Code Ann.* § 56-834b (Ga. L. 1960, pp. 289, 451), the agent of an unauthorized insurer is "personally liable, to the same extent as such insurer, upon every contract of insurance made by such insurer with reference to a risk having a situs in this State, if such person participated in the solicitation, negotiation or making of such contract. . ." This section also provides "This section shall have no reference to a contract of insurance entered into in accordance with Chapter 56-6."

Under the provisions of this Code section the agent's liability is the same as the insurer's under such contract, and the liability for attorney's fees and damages attaches to the agent as it does to the insurer. The cause of action is based on the same laws, the liability of each arose from the same contract, and the plaintiff's petition was not subject to demurrer because of a misjoinder of parties defendant or causes of action.

Such case is distinguishable from a situation exemplified by the case of *Russell v. Burroughs,* 183 Ga. 361 (188 SE 451),

where the action was against the tortfeasor and his insurance carrier. There, while direct action was permitted against the insurer, the tortfeasor could not be joined in such action in the absence of statutory authority which was later given by the Act of 1937 (Ga. L. 1937, p. 730; *Code Ann.* § 68-612), since one action was ex contractu and the other ex delicto.

Nor is the contention that the policy was issued in conformity with Chapter 56-6 of the Code and therefore *Code Ann.* § 56-834b, supra, is not applicable, meritorious. *Code Ann. Ch.* 56-6 provides a method of suing in this State unauthorized insurers who write insurance on property having a situs in this State (*Code Ann.* §§ 56-603 through 56-611; Unauthorized Insurers Process Act), and also provides for the exceptions (*Code Ann.* § 56-612), and for surplus line insurance (*Code Ann.* §§ 56-613 through 56-628; Surplus Lines Insurance Law). Surplus line coverage issued in accordance with the provisions of the Surplus Lines Insurance Law is issued in accordance with the provisions of *Code Ann. Ch.* 56-6, supra, while insurance written in a manner which authorizes service on the insurer under the provisions of the Unauthorized Insurer's Process Act is written in violation of and not in accordance with, Chapter 56-6 of the Code.

The petition set forth facts authorizing the joint action and as was pointed out in *Kelley v. Montgomery,* 108 Ga. App. 271 (132 SE2d 857), which dealt with the prior law, if the policy was written in accordance with the Surplus Lines Insurance Law so as to relieve the agent from personal liability this is a matter of defensive proof.

Therefore, assuming that the defendants' additional demurrers were timely filed, the judgment sustaining the defendants' special demurrers and thereafter dismissing the plaintiff's petition because of misjoinder of parties defendant and causes of action must be reversed.

*Judgment reversed in part; affirmed in part. Hall and Russell, JJ., concur.*

ON MOTION FOR REHEARING.

NICHOLS, Presiding Judge. The defendant insurer contends in its motion for rehearing that under the decision of this court in *Lankford v. Holton,* 78 Ga. App. 632 (51 SE2d 687), the trial

court properly took judicial notice of the prior ruling made in the case before the demurrers were passed upon. In that case the trial court took judicial notice of the judgment in a previous case which was referred to in the plaintiff's petition and which was res judicata to such action. Such case is not authority for such defendant's position in the present case.

*Rehearing denied. Hall and Russell, JJ., concur.*